HERSCHEL SIMPSON *v*. STATE OF INDIANA.

[No. 3-1174A182. Filed September 8, 1975].

*David H. Miller, Lebamoff, Ver Wiebe & Snow,* Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—Appellant Simpson was convicted of assault and battery and herein appeals the sufficiency of the evidence to support that conviction.

We affirm.

The facts most favorable to the State are as follows:

Simpson has been acquainted with the prosecuting witness

for two years and went to her home at approximately 12:30 a.m. on December 14, 1973. Simpson made sexual advances and was rebuked. The prosecutrix then sat in a chair across the room from Simpson and he went over and sat on her lap. When she tried to push him away, he began choking her until she passed out. When she regained consciousness, Simpson threatened the prosecutrix and they went into her bedroom and had sexual intercourse. Apparently, Simpson had been drinking because he passed out in the bedroom. The prosecutrix left and summoned the police. Simpson was found in the bedroom and was arrested. The prosecutrix was taken to a hospital where a medical examination revealed bruises and scratches behind her ears and around her throat.

In reviewing a challenge to the sufficiency of evidence, this Court will neither weigh evidence nor determine credibility of witnesses. We will instead look only to the evidence most favorable to the State, together with all reasonable inferences therefrom, and determine if there is substantial evidence of probative value from which the trier of facts might reasonably infer guilt beyond a reasonable doubt. *Kimble* v. *State* (1974), 262 Ind. 522, 319 N.E. 2d 140; *Traylor* v. *State* (1975), 164 Ind. App. 50, 326 N.E. 2d 614.

The only testimony at trial was that of Simpson and the prosecuting witness. Simpson contends that the trial judge acknowledged that the versions of both Simpson and the prosecutrix were equally probable, and he contends that the trial judge's rejection of his version was arbitrary since the proof did not constitute proof beyond a reasonable doubt. This argument, however, does not properly interpret the reasoning of the trial judge.

There are certain types of criminal cases in which it will frequently be necessary to base a judgment upon the selection of one of two conflicting stories. The decision to give credence to one version over the other must be a reasoned selection, and an arbitrary decision does

not comport with the requirement that guilt be proven beyond a reasonable doubt. It is under this concept that Simpson contends error was committed. However, we find the determination by the trial judge not to be arbitrary, but instead to be a responsible performance of his duty as the trier of fact to determine the credibility of witnesses.

The trial judge did state that he would base his decision "on probabilities." This was not, however, an abrogation of the reasonable doubt standard since the reference was to the determination of credibility, and not of guilt. Further, the reference to "probabilities," as later clarified by the trial judge, was merely a verbalization of the traditional test for credibility.

There is always a question of the credibility of a witness when the testimony of that witness is relevant to the question of guilt. The only *direct* evidence of credibility would be direct evidence of the crime, and then the testimony would not be crucial. Therefore, credibility, when in issue, must always be ascertained from circumstantial evidence, including the demeanor of the witness, the plausibility of the testimony, and the relative strengths of the evidence supporting and opposing the testimony. From consideration of this evidence, the trier of fact can form an opinion of the "probability" that a particular witness is relating an accurate account of the incident.

Since the version of the prosecutrix was not incredible, this Court must accept the trial judge's assessment of the credibility of the witness. *Taylor* v. *State* (1974), 162 Ind. App. 384, 319 N.E.2d 648. See also, *Traylor* v. *State, supra; Simmons* v. *State* (1975), 163 Ind. App. 437, 324 N.E.2d 513. In addition, it has frequently been stated that a conviction may be based upon the uncorroborated testimony of the victim of the offense. *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Taylor* v. *State, supra; Combs* v. *State* (1973), 158 Ind. App. 521, 303 N.E.2d 289.

We, therefore, conclude that the conviction is supported by sufficient evidence. Having found no reversible error, the judgment of the trial court is hereby affirmed.

NOTE.—Reported at 333 N.E.2d 303.