DONALD LEE MARLETT *v.* STATE OF INDIANA.

[No. 2-574A104. Filed June 2, 1976.]

*Julian D. Pace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant-appellant Marlett appeals from an indeterminate sentence of two to twenty-one years imprisonment imposed upon him pursuant to his conviction of the offense of Assault and Battery with Intent to Gratify Sexual Desires. We reverse because the trial court overruled his motions to require the State to produce transcriptions[1] of the State's witnesses' grand jury testimony as required by *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N.E.2d 873.

Marlett made his motions at the conclusion of the direct examination of each of the three State's witnesses after he

---

1. His motions called the transcriptions "reports".

had established, by cross-examining them, that they had testified before the grand jury about this case.[2]

The State's trial representative[3] did not deny (nor expressly admit) that the grand jury testimony had been recorded but denied that he personally had the recordings or transcriptions thereof and professed ignorance of whether the records had been "reduced to writing". His only objection to the motion was "that he's shown no relevancy why he wants them. It's more or less a fishing expedition."

In overruling Marlett's motions the trial judge expressed the belief that although Marlett was not entitled to have a grand jury witness' statement produced until the witness had testified on direct examination, nevertheless the motion for its production should have been made "at an earlier time, so the prosecutor could have been prepared to—either produce the records or written transcript. . . ."

In *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N.E.2d 873, the court held that a defendant has the right to obtain a copy of any pre-trial written or transcribed oral statement made by a State's witness, including testimony before a grand jury, provided, however, that the defendant must first lay the proper foundation for his request. The first stone of that foundation is that "[t]he witness whose statement is sought has testified on direct examination". (253 Ind. at 427.)

Since this case was tried the Supreme Court has again said that "a defendant has a right, upon the laying of a proper foundation, to statements made by a witness . . . to the grand jury only *after* the witness has testified on direct examination." (Original emphasis.) *Morris* v. *State* (1975), 263 Ind. 370, 32 N.E.2d 90, 93. And notwithstanding the fact that the request may be made in a pre-trial

---

2. As to only one witness was it *expressly* established that her grand jury testimony related to the case on trial.

3. The State was represented by a law student intern pursuant to Indiana Supreme Court Rule A.D. 2.1.

discovery motion which the trial court has jurisdiction to grant (*State ex rel. Keller* v. *Marion Criminal Court* [1974], 262 Ind. 420, 317 N.E.2d 433, 435) it would nevertheless appear from the *Morris* opinion that if the pre-trial request is flatly denied, the defendant must renew his request *after* the witness has testified in order to preserve any error in the trial court's failure to grant the request. See also, *Gibson* v. *State* (1973), 158 Ind. App. 575, 303 N.E.2d 666, 668, and *Layne* v. *State* (1975), 164 Ind. App. 486, 329 N.E.2d 612, 616. We are aware of no Indiana appellate level holding that a defendant waives his right to inspect a transcription of a witness' grand jury testimony by failing to make his request for it until after the witness has testified on direct examination. The trial court erred in so holding.

We nevertheless agree with the trial judge that it would be much better practice for the defendant to make his initial request for witnesses' grand jury statements in a motion filed and served on the prosecutor in sufficient time before the trial to enable him to have grand jury notes or recordings transcribed without delaying the trial. But the defendant who gives the prosecutor and the court advance notice by way of pre-trial discovery motion, that a transcription of the grand jury testimony will be needed at the appropriate time is not always rewarded for his attempt to avoid trial delay. *Chatman* v. *State* (1975), 263 Ind. 531, 334 N.E.2d 673, 680, is a case in point. When Chatman's pre-trial order to produce had not been complied with at the conclusion of the witness' direct examination, Chatman moved to strike the witness' in-court testimony. The trial court overruled the motion and the Supreme Court affirmed, saying: "Although there may be times when sanctions may be required for violation of the discovery order, we believe that the trial courts, in their sound discretion, can usually salvage the trial, administer substantial justice and preserve the dignity of the court by the grant of a continuance (*Chustak et al.* v. *Northern Indiana Public Service Company*

[1972], 259 Ind. 390, 288 N.E.2d 149) and by citation against the offending counsel for contempt." (334 N.E.2d at 681.) No mention was made of the fact that striking the witness' testimony is the only sanction the federal statute (18 U.S.C. § 3500 codifying the rule of *Jencks* v. *United States* [1957], 353 U.S. 657) provides if the government elects not to produce the witness' pre-trial statement. This sanction replaces the more drastic sanction of dismissal which the *Jencks* opinion had imposed. (353 U.S. at 672.)

We are not here concerned, however, with the prosecutor's failure to comply with an order to produce, but with a trial court's refusal to order the prosecutor to produce. We have shown that Marlett's motion for that order was timely made and in so doing have also impliedly shown that Marlett laid an adequate *Antrobus* foundation for such an order, i.e., Marlett's cross-examination of each of the witnesses established, in the words of *Antrobus*, that: "(1) The witness . . . has testified on direct examination; (2) a substantially verbatim transcription of statements made by the witness prior to trial is shown to probably be within the control of the prosecution; and, (3) the statements relate to matters covered in the witness' testimony in the present case." However, the second requirement merits further discussion since the State contends that "at no time did the appellant establish or even attempt to establish that the prosecution had in its control a 'substantially verbatim transcription' of state's witnesses' statements made to the grand jury" (answer brief, p. 7).

In *Sargent* v. *State* (1972), 153 Ind. App. 430, 435, 287 N.E. 2d 795, 798, we noted that in *Antrobus* there was "no direct evidence of probability that a substantially verbatim transcription of the witness' [grand jury] testimony was within the control of the prosecution", yet the *Antrobus* court held it "obvious that a substantially verbatim transcription . . . was shown to probably be within the control of the prosecution." (253 Ind. at 434.) We therefore concluded that the

*Antrobus* "court apparently assumed, *sub silentio,* that the statutory requirement that a clerk or stenographer take and preserve grand jury testimony for the use of the prosecuting attorney [see Ind. Code § 35-1-15-10 (Burns 1975)] justified the inference that one had done so." (153 Ind. App. at 435.) As Judge Garrard said for the Third District of the court in *Dawson* v. *State* (1975), 163 Ind. App. 493, 324 N.E. 2d 839, 843:

> ". . . IC 1971, 35-1-15-10 . . . is sufficient to satisfy requirement (2) where testimony before a grand jury is the issue. The statutory duty creates the probability required by *Antrobus.*"

Furthermore, we hold that if, in any case, the State alleges (or its witness with personal knowledge testifies under oath) that grand jury testimony has been recorded but has not been transcribed, it has not thereby denied, but has in fact *admitted* that a substantially verbatim transcription is within the control of the prosecution. Since the means for making the transscription is in prosecution hands it is a mere technicality that it has not yet actually been made. To hold otherwise would be to provide prosecutors with a facially legal means of preserving evidence for their own possible use while, *in effect,* suppressing it as to the defendant. Similar prosecutorial suppressions have been held to be constitutionally suspect, if not impermissible. See *Ortez* v. *State* (1975), 165 Ind. App. 678, 333 N.E.2d 838; *Hale* v. *State* (1967), 248 Ind. 630, 634 230 N.E.2d 432; *Birkla* v. *State* (1975), 263 Ind. 37, 323 N.E.2d 645, 648.

Since Marlett laid the foundation required by *Antrobus,* made a timely and adequate motion to produce, and the State offered no valid reason for non-production, it follows that the trial court committed error when it denied the motion. *Antrobus* so holds. (253 Ind. at 428, 430.) Whether Marlett was thereby denied a fair trial is another question. We, therefore, remand the cause to the trial court with directions to set aside its order overruling Marlett's mo-

tion to correct errors and to order the State to produce the grand jury statements of the three witnesses for inspection by Marlett, his attorney and the trial court.

If the statements are produced and the court, after examining the same and hearing argument of counsel, finds there is insufficient discrepancy between any witness' grand jury statement and such witness' trial testimony to create any reasonable possibility that its use by defense counsel in cross-examination at trial could have weakened her credibility, he should again overrule the motion to correct error. If he finds otherwise, he should grant a new trial.[4]

If the statements are not produced, or if produced are not in a form that the court and the defendant can readily learn from them what the witnesses said to the grand jury, the court shall take such further action as may be appropriate. What further orders may be appropriate will depend in part, at least, upon what excuse the State offers for the failure to produce, or to produce in readily intelligible form. In determining whether an excuse for failure to produce should be held sufficient, the court can find guidance in these words from *Antrobus:*

> "If the foundation is proper the trial court must grant the motion and order the statements turned directly over to the defendant *unless* the State alleges: (a) There are no such statements within the control of the State. The trial court must conduct a hearing on the conflicting claims of the parties to resolve this issue. (b) There is a necessity for keeping the contents of the statements confidential. (c) The statement also contains matter not related to the matters covered in witness' testimony and the State does not wish to reveal that portion. In the latter two cases the statements need not be given directly to the defendant but should be given to the trial court for his decision concerning the State's claim. If the trial court agrees with the State then on (b) and (c) the trial court may deny defendant's mo-

---

4. By not ourselves ordering a new trial to correct the trial court's error we are not suggesting that in any future trial a judge should deny a proper *Antrobus* motion to produce in order to avoid delay, expecting to correct the error post-trial in the manner here prescribed.

tion or turn over to the defendant only the relevant portion of the statement." (253 Ind. at 427.)

Remanded with directions.

Buchanan, P.J., concurs; Sullivan, J., concurs in result.

NOTE.—Reported at 348 N.E.2d 86.