**William LYTLE, Appellant,**
v.
**STATE of Indiana, Appellee.**

No. 884S325.

Supreme Court of Indiana.

Feb. 25, 1987.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Criminal Confinement, a Class B felony, Criminal Deviate Conduct, a Class A felony, and Rape, a Class A felony. He was sentenced to twenty (20) years, fifty (50) years and (50) years respectively, all the sentences to be served concurrently.

The facts are: Appellant represented to the victim and her two male cousins that he could get them jobs working at a carnival at the Eagledale Plaza shopping center in Indianapolis. When they arrived at the carnival, appellant sent the two cousins in search of a person named "Doyle" and stated that he would take the victim to a telephone to call her father to obtain her social security number.

After driving past several telephones, appellant produced a knife and announced to the victim that he was kidnapping her for a $500 ransom. He then drove his car to the Woodland Motel located in the 5400 block of Kentucky Avenue in Indianapolis. Under threat of force, he removed the victim from the car to one of the motel rooms. Appellant laid his knife on the dresser and informed the victim he did not want to cut her but that he would hit her if she did not cooperate. He further advised her that he was "an ex-con". He then forced her to perform fellatio and raped her.

Following the sexual acts, appellant removed the victim from the motel and drove to Terre Haute, Indiana. Upon arriving in Terre Haute, the victim convinced appellant she needed to use the restroom. When they stopped at a filling station, she ran into the station and elicited the aid of the attendants. As appellant left in his car, one of the attendants obtained his license

number. He was later arrested in Illinois on an unrelated offense, following which it was learned he was wanted in Indiana for the instant offense. Upon a search of appellant's vehicle, the knife in question was recovered from his briefcase.

■ Appellant claims the trial court erred in excusing a prospective juror, Aloysius A. McElroy, on the court's own motion, after the prospective juror had indicated he needed to be out of town on business during the time the trial would be in progress. It is appellant's contention that since the prospective juror was a male over forty years of age, as was appellant, he was thus deprived of having a jury of his peers. We see no merit whatever to this contention.

Appellant concedes that courts have discretionary authority to excuse prospective jurors. *Johnson v. State* (1982), Ind., 442 N.E.2d 1065. This record discloses the court had a perfectly logical reason to exercise its discretion in excusing the prospective juror. Appellant makes no attempt to show what the makeup of the ultimate jury was. The record discloses that the jury was made up of six men and six women. There is nothing to indicate the age of any of these jurors nor is there any indication that any of them fell outside of appellant's peer group so far as age is concerned. This record does not disclose any abuse of the trial court's discretion nor does it demonstrate any prejudice to appellant as a result of the dismissal.

■ Appellant claims the trial court erred in allowing the victim to testify that appellant told her he was "an ex-con". It is appellant's position that such information was irrelevant and tended to jeopardize him in that it demonstrated to the jury that he had a prior criminal record. Appellant recognizes that this Court has previously held that such testimony is admissible as an utterance made as part of the *res gestae* of the offense. *Edwards v. State* (1984), Ind., 466 N.E.2d 452; *Taylor v. State* (1982), Ind., 438 N.E.2d 294. However, he argues that the law set forth in those cases should be modified to the extent that he did not "open the door" by taking the stand and placing his character in issue.

He further takes the position that his statement that he was an ex-con was unnecessary to prove that the victim was in fear of him. All reasonable experience would indicate the contrary to be true. There can be little doubt that appellant, in his threatening of the victim, deliberately mentioned being an ex-con for the express purpose of intimidating her. We see no reason to deviate from the *Edwards* and *Taylor* cases.

■ Appellant claims the trial court erred in denying his motion to suppress items seized from his automobile at the time he was arrested in Illinois. Appellant was arrested on private property in connection with an offense entirely separate from the case at bar. It was not until after his arrest that Illinois authorities learned of the events in Indiana. They had reason to effect a lawful arrest of appellant at the time and to impound his automobile, which was driven from the scene of the arrest by an officer to police headquarters. The testimony of Illinois authorities was that appellant consented to the search of his automobile. Appellant points out that there was some conflict in this evidence.

This Court will not weigh conflicting evidence, as that is the province of the trial court. *Fields v. State* (1983), Ind., 455 N.E.2d 601. Notwithstanding the conflict in the evidence as to appellant's consent, the police had a right to inventory the vehicle upon its impoundment with or without appellant's consent. *United States v. Johns* (1985), 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890; *Brown v. State* (1982), Ind., 442 N.E.2d 1109.

We see no error in the admission of the knife obtained as a result of the search of appellant's vehicle in Illinois.

■ Appellant claims the trial court erred in refusing to permit him to call Special Agent Wilburn Kincaid of the Federal Bureau of Investigation as a witness for the purpose of testifying that appellant made a statement which contained declara-

tions against his interest. When one examines the entire statement given to Agent Kincaid, it does contain evidence which would be against his interest; however, such evidence had already been admitted in evidence and was not in dispute. The statement did contain a denial by appellant that he had raped the victim. This of course was a self-serving declaration which was not admissible. *Marts v. State* (1982), Ind., 432 N.E.2d 18. The trial court did not err in refusing to permit the statement into evidence.

Appellant claims the verdict of the jury was contrary to law because there was insufficient evidence to prove beyond a reasonable doubt that he committed the offense of confinement. He argues he was not guilty of confinement because the evidence shows that the victim willingly entered his vehicle and left alone with him after leaving her cousins at the shopping center. The charging affidavit and the facts in this case disclose that he was not charged with confining her at that time. The affidavit and the evidence in support thereof clearly show that it was at a later time that he displayed the knife and forced her to enter a motel room with him and that he later removed her from the motel room by force and confined her in his automobile until he reached Terre Haute.

The evidence above recited clearly supports the finding of the jury that he was guilty of confinement. *See Lewis v. State* (1982), Ind., 440 N.E.2d 1125, *cert. denied* (1983), 461 U.S. 915, 103 S.Ct. 1895, 77 L.Ed.2d 284.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

DICKSON, J., concurs in result.