Ronnie JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8706–CR–615.

Supreme Court of Indiana.

July 13, 1989.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class B felony, for which he received a sentence of twenty (20) years, and Theft, a Class D felony, for which he received a sentence of two (2) years, which was enhanced by twenty (20)

years due to a finding that he is an habitual offender. His sentences are to be served concurrently.

The facts are: On the morning of October 1, 1986, Maurice Jackson saw a man knock on the door of his neighbor's home. Jackson knew no one was in the home and observed the man walk around to the back of the house. After a few minutes, the man did not reappear in front of the house. Jackson grew suspicious and called the police.

When police arrived, they found appellant attempting to climb over a chain-link fence which was connected to the house. When police searched appellant, they found in his pockets women's jewelry, watches and other items. He also had some women's hosiery in his hand. The resident of the home later recognized the items as hers.

Appellant argues he was denied a fair trial due to prosecutorial vindictiveness. Approximately one year prior to his trial on the instant offenses, appellant was charged with robbery and was acquitted. The same prosecutor handled his robbery case and the case at bar. Appellant suggests that the prosecutor filed the habitual offender charge in the instant case because he failed to gain a verdict for the State on his previous case.

█ Prosecutorial vindictiveness may be established if the prosecutor's charging decision was motivated by a desire to punish a person because he has done what the law plainly allows him to do. *United States v. Goodwin* (1982), 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74; *Vaxter v. State* (1987), Ind., 508 N.E.2d 809.

█ During a hearing concerning this matter, the prosecutor explained that cases in their office are assigned randomly according to a number system. He stated that his prior involvement with appellant had no bearing on his prosecution of the instant case. We have found that the decision whether to file the habitual offender charge is within the discretion of the prosecutor. *Davis v. State* (1985), Ind., 472 N.E. 2d 922. We find nothing in the record to support appellant's claim of prosecutorial vindictiveness.

Appellant also argues the trial court erroneously ordered a mistrial during the first habitual offender phase of his trial.

█ The record shows that after the jury deliberated for approximately four and one-half hours, they sent a note to the judge which stated that they could not come to a unanimous agreement and it was apparent that further discussion would be in vain. The jury was brought into the courtroom and each juror was asked whether a unanimous verdict could be reached if they discussed the case further, and each juror said no. Over appellant's objection, the trial court declared a mistrial and discharged the jury on January 28, 1987. A new habitual offender trial commenced on February 25, 1987. Appellant contends he was denied a fair trial because the jury was prematurely discharged.

It is within the trial court's discretion to determine whether the declaring of a mistrial due to a hung jury is appropriate under the circumstances of the case. *Young v. State* (1985), Ind., 482 N.E.2d 246. The determination of whether the jury has deliberated for a sufficient amount of time also is within the trial judge's discretion. *Id.*

We find no abuse of the trial court's discretion in its decision to discharge the jury and declare a mistrial.

█ Appellant makes the claim that by commencing a new habitual offender phase approximately one month after the mistrial was declared, he was not provided with sufficient notice or opportunity to prepare an adequate defense.

A docket entry shows that at the pretrial conference for the habitual offender retrial, both sides indicated they were ready for trial to begin the next day. At the habitual offender hearing, appellant presented a defense and testified on his own behalf. Because appellant has failed to demonstrate that he was prejudiced, we find no error. *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

 Appellant also argues that a certain prospective juror was improperly excused to prepare for an examination. He asserts that such an excuse for dismissal is not allowed under Ind.Code § 35–37–1–5 and is in contravention of the principle that citizens have a duty to serve as jurors.

Trial courts have discretionary authority to excuse prospective jurors. *Lytle v. State* (1987), Ind., 503 N.E.2d 1222. Appellant does not object to the composition of the jury, nor does he make an allegation or showing of how he was prejudiced by the dismissal of the student. Therefore, we find no error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.