**Vonda JORGENSEN, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 73A04–8908–CR–351.**

Court of Appeals of Indiana, Fourth District.

Feb. 18, 1991.

---

Roger B. Davis, Corydon, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant/Appellant, Vonda Jorgensen, appeals from her convictions for conspiracy to commit murder, a class A felony, and murder, a felony. We affirm.

### Issues

Defendant raises thirty issues which we restate and renumber as:

I. Whether a motion for mistrial which was based on prosecutorial misconduct should have been granted.

II. Whether the admission of testimony regarding Defendant's escape and her possession of a handgun while incarcerated was error.

III. Whether final instruction 7 was erroneous because it set forth the elements of conspiracy to commit murder without including the element of intent to conspire.

IV. Whether Defendant was denied a fair trial when the prosecutor allegedly used her immunized testimony from Gary Cochran's trial.

V. Whether it was error to deny Defendant's motion to inspect grand jury minutes regarding the investigation of her escape.

VI. Whether certain statements made by the prosecutor during his opening statement denied Defendant a fair trial.

VII. Whether Jesse West's testimony regarding statements attributed to Defendant was erroneously admitted.

VIII. Whether the evidence is sufficient to sustain Defendant's conviction for conspiracy to commit murder.

IX. Whether it was error to exclude self-employed persons and farmers from the jury venire.

X. Whether final instruction 17A was improperly given.

XI. Whether final instructions 5, 9, and 11 were repetitive and improperly emphasized certain aspects of the case.

XII. Whether it was error to instruct the jury that it could consider the fact that a witness was given favorable treatment by the state.

XIII. Whether the trial court erred by giving final instruction 27 which explained how to consider testimony given by expert witnesses.

XIV. Whether Defendant's motion for a special prosecutor should have been granted.

XV. Whether the trial court erred by denying Defendant's request to depose William Ball and Dr. Robert Greenberg.

XVI. Whether the denial of Defendant's motion to excise certain portions of statements written by Gary Cochran was error.

XVII. Whether the admission of Gary Cochran's testimony was error.

### Facts

Defendant was involved in an extramarital relationship with Gary Cochran while married to Michael Jorgensen (victim). On October 16, 1986, Defendant and Cochran spent the day together, and Cochran offered to come to her home later that eve-

ning. Steve Dell drove Cochran, who possessed two knives, to Defendant's residence. Cochran told Dell that he intended to kill the victim. Cochran walked to the front of the residence, saw a porch light, and returned to Dell's vehicle. Cochran traveled to New Salsbury and telephoned Defendant; however, the call became disconnected.

At approximately 1:30 a.m. the next morning, Defendant telephoned victim's parents to inform them that victim had been shot. Victim's father confirmed victim was dead and called the police.

Defendant told both victim's parents and police that the victim was shot while she was attending a child in the next room. On October 24, 1986, Defendant was charged with conspiracy to commit murder. On November 10, Defendant was charged with murder.

Defendant was first detained in Scott County jail. While there, she told inmate Jesse West that Cochran wanted to kill the victim. She also told West that she and Cochran discussed cutting the brake lines to the victim's vehicle.

Defendant was removed from Scott County jail and detained in the Washington County Detention Center where she was detained with Martha Abner. When Abner asked Defendant whether she killed the victim, Defendant replied affirmatively. Defendant and another inmate, Charles Morse, escaped from the Center on February 27, 1987 and later surrendered to authorities on May 11.

Other facts will be supplied as needed.

### Discussion and Decision

### I.

■ Defendant contends the trial court erred by denying her motion for mistrial after the prosecutor questioned Defendant regarding sexual conduct while detained in the Scott County jail.

During the cross-examination of Defendant, the following occurred:

Q. Did you have sex with Jesse West in the Scott County Jail?
A. No, I did not.
Q. At any time?
A. No.
Q. Did you have sex with any prisoner in the Scott County Jail?

.    .    .    .    .

A. No.

Following these questions, Defendant moved for mistrial. The trial court denied the motion but twice admonished the jury as follows:

Jury's [sic] instructed to disregard any question and answer with respect any ... one else other than ... the alleged sexual relations this ... that the Defendant had with anyone else other than Gary Cochran and Jessie [sic] West.

.    .    .    .    .

Ladies and gentlemen of the jury, there has been ... some testimony concerning alleged sexual conduct of the Defendant with Jessie [sic] West. There was another question ... propounded by the prosecutor as to whether this Defendant had sexual conduct with s—anyone else at the Scott County Jail. I want to ... uh ... admonish you at this time that that evidence has no relationship to any of the issues in this case whatsoever ... uh ... and you are not to consider either the question or the answer or the fact that the questions were asked. Uh ... those matters are not related to any of the issues at hand and I ... uh ... admonish you that you are not to consider either the question or the answer or the fact that the question was asked ... uh ... with respect to any of the issues that are presented to you for your deliberations in this cause.

Defendant contends that evidence of Defendant's prior misconduct is highly prejudicial and created a "harpoon" so serious as to require mistrial.

Declaration of a mistrial is an extreme action which is warranted only when no other action can be expected to remedy the situation. *Underwood v. State* (1989), Ind., 535 N.E.2d 507, 518, *cert. denied,* — U.S. ——, 110 S.Ct. 257, 107 L.Ed.2d 206. Usually an admonishment to the jury is considered adequately curative. *Scott v. State* (1987), Ind., 510 N.E.2d 170, *cert.*

*denied,* 484 U.S. 978, 108 S.Ct. 492, 98 L.Ed.2d 490. While the prosecutor's questions were clearly inappropriate, the trial court's admonishments cured any prejudicial impact upon Defendant's case. The motion was properly denied. *Id.*

## II.

Defendant argues the trial court erred by admitting evidence regarding Defendant's escape and possession of a handgun while incarcerated in the Washington County Detention Center. Martha Abner testified about these matters as a result of knowledge she gained while incarcerated with Defendant.

■ Defendant claims her motion in limine, granted by the trial court, prevented the admission of Martha Abner's testimony. The motion requested the "prosecution not to question any witness about any prior or past criminal history, unrelated charges, or difficulties with the law which the accused may have." However, the scope of the motion in limine was limited to the relief requested. An escape from jail and possession of a handgun while incarcerated does not fall into any of the categories set forth in the motion. Specifically, they did not constitute prior criminal history. Further, the acts were never charged. Lastly, difficulties with the law refers to past interactions with police not including the present charge.

■ In any event, a motion in limine is not a final ruling as to the admissibility of evidence. *Taylor v. State* (1986), Ind., 496 N.E.2d 561, 567. Moreover, no issue is raised on appeal regarding an alleged violation of a motion in limine. *Boyd v. State* (1991), Ind., 564 N.E.2d 519. The question is then whether the prejudicial impact of evidence of uncharged crimes outweighs its probative value. This question is one of admissibility for the trial court. Because the trial court has inherent discretionary power on questions of admission of evidence, its decisions are reviewed only for an abuse of that discretion. *Brewer v. State* (1990), Ind., 562 N.E.2d 22, 25.

■ Evidence of an escape is a sufficient basis for the jury to infer consciousness of guilt and is relevant to the issue of Defendant's guilt. *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1090. Thus, the trial court did not abuse its discretion.

## III.

■ Defendant argues the trial court erred by giving final instruction 7 which set forth the elements of conspiracy to commit murder. Final instruction 7 reads as follows:

> To convict the defendant of the crime of conspiracy to commit murder, the State must have proved each of the following elements:
> That the defendant: (1) Agreed with Gary Cochran to commit the crime of murder (2) With the intent to commit the crime. (3) That defendant or Gary Cochran performed an overt act in furtherance of the agreement by Gary Cochran's [sic] going to the residence of Michael and Vonda Jorgensen on the evening of October 14, 1986, with the intent of killing Michael Jorgensen.
> If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.
> If the State did prove each of these elements beyond a reasonable doubt you should find the defendant guilty of the crime of conspiracy, a Class A felony.

Defendant objected to the instruction on the basis that it did not state the element of "intent to enter into an agreement." Defendant cites three cases in support of her argument: *McBrady v. State* (1984), Ind., 460 N.E.2d 1222, *Lewis v. State* (1986), Ind.App., 493 N.E.2d 822, *trans. denied,* and *McBride v. State* (1982), Ind. App., 440 N.E.2d 1135, all of which involved theft and conspiracy to commit theft. The courts held agreements to sell stolen vehicles were not sufficient to prove the existence of a conspiracy to steal those vehicles.

■ Defendant erroneously asserts those cases determine that an "intent to agree" is an element of a conspiracy. A person conspires to commit a felony when,

with intent to commit the felony, he agrees with another person to commit the felony. IC 35–41–5–2. The requisite elements of a conspiracy are intent to commit a felony, agreement with another person to commit the felony, and an overt act in furtherance of that agreement. *Whittle v. State* (1989), Ind., 542 N.E.2d 981. The instruction sufficiently stated the elements of the crime, and we find no error.

### IV.

At Gary Cochran's trial, Defendant testified that she and Cochran engaged in target practice at Tom Atwood's home, that she and Cochran spent a weekend together, and that the victim physically abused her. She was granted use immunity pursuant to IC 35–37–3–3 and now argues it was error for testimony concerning these events to be admitted at her trial.

■■■ As Defendant failed to object to this testimony, no error has been preserved for appellate review. *Whittle, supra.* This Court will not consider errors first raised on appeal unless they constitute fundamental error. Fundamental error is blatant error creating substantial potential for harm. *Ingram v. State* (1987), Ind., 508 N.E.2d 805. "Erroneous admission of evidence without objection is not ordinarily the type of error to which the doctrine of fundamental error applies." *Borkholder v. State* (1989), Ind.App., 544 N.E.2d 571, 575 (citing *Bruce v. State* (1978), 268 Ind. 180, 215, 375 N.E.2d 1042, 1062).

■■■ Because the State had already been aware of Defendant's target practice and victim's abuse of Defendant, she cannot claim the State's use of evidence concerning these incidents was a product of immunized testimony. Defendant's contention that State used her testimony concerning her weekend spent with Cochran does not rise to the level of fundamental error. Defendant testified, on direct examination, concerning the weekend she spent with

Cochran. Because she used the same evidence in her defense, that testimony did not create a substantial potential for harm, denying Defendant fundamental due process. *Ingram* 508 N.E.2d at 808; *Winston v. State* (1975), 165 Ind.App. 369, 375, 332 N.E.2d 229, 233.

### V.

■■■ Defendant argues the trial court erred by denying Defendant's motion to inspect the grand jury's minutes of the investigation surrounding her escape.

A grand jury was convened in Washington County to investigate the escape of Defendant and Charles Morse from the Washington County Detention Center and to determine whether there was any improper action by jail personnel. Defendant refused to testify. She filed a motion to inspect the grand jury minutes and the special prosecutor involved in the investigation objected to the request for disclosure pursuant to IC 35–34–2–10(b).[1]

Defendant cites three cases in support of her argument: *Antrobus v. State* (1970), 253 Ind. 420, 254 N.E.2d 873; *State ex rel. Keller v. Criminal Ct. of Marion Cty.* (1974), 262 Ind. 420, 317 N.E.2d 433, and *Marlett v. State* (1976), 169 Ind.App. 322, 348 N.E.2d 86.

All three cases address the issue of the accessibility of grand jury minutes; however, those grand juries' investigations involved crimes for which the parties requesting access were being tried. In both *Antrobus* and *Keller*, our Supreme Court determined that it was within the trial court's discretion to direct the State to produce a transcript of those portions of grand jury minutes containing testimony of persons whom the State intended to call as witnesses at the hearing or trial. In *Marlett*, this court held that a defendant does not waive his right to inspect a transcription of a witness' grand jury testimony even if he waits to make his request after

---

**1.** IC 35–34–2–10(b) provides: The transcript of a witness before a grand jury may be produced only (1) for the official use of the prosecuting attorney; or (2) upon order of: (A) the court which impaneled the grand jury; (B) the court

trying a case upon an indictment of the grand jury; or (C) a court trying a prosecution for perjury: but only after a showing of particularized need for the transcript.

the witness has testified on direct examination. However, these decisions were based on statutes no longer in effect. IC 35–34–2–10(b) was enacted in 1981.

▮ Defendant argues IC 35–34–2–10(b) is unconstitutional to the extent that it bars disclosure of grand jury testimony. However, Defendant failed to provide either cogent argument or relevant authority required by App.R. 8.3(A) to support her argument.

▮ Discovery is not a treasure hunt in which a defendant seeks to unearth exculpatory evidence from any location imaginable. A defendant's explorations must bear some rational relationship to the pending proceeding, and we will not occasion an intrusion into a wholly independent grand jury investigation absent a substantial showing the matters are relevant. Here, Defendant was not being tried for the escape, so we cannot conclude a grand jury investigation concerning the escape would have any relevance to Defendant's trial.

▮ The trial court properly denied Defendant's motion. Because the Washington Circuit Court impaneled the grand jury, the Shelby Circuit Court did not have authority to order disclosure. IC 35–34–2–10(b)(2)(A). Further, Defendant was not prosecuted by indictment of the grand jury in the Shelby Circuit Court. IC 35–34–2–10(b)(2)(B). There was no error.

## VI.

▮ Defendant claims she was prejudiced by the prosecuting attorney's opening statement. Specifically, she claims that three items were brought to the jury's attention but were not subsequently admitted into evidence:

(1) Charles Morse was convicted for crimes of dishonesty;

(2) Prior to Morse's escape from the Washington County Detention Center, he had Gary Cochran draft a letter in which Cochran confessed to killing the victim; and

(3) Gary Cochran gave a statement to police in which he claimed that the Defendant told him "if you don't kill Mike by eleven o'clock, I will."

▮ The purpose of an opening statement is to inform the jury of the charges and the contemplated evidence. An opening statement is not evidence to be considered by the jury. Its scope is within the sound discretion of the trial judge, and a cause will not be reversed unless a clear abuse of discretion is shown. *Vanyo v. State* (1983), Ind., 450 N.E.2d 524.

▮ We find no demonstration of prejudice arising from the first two comments. It is clear from the prosecution's opening statement that it expected Charles Morse to be a defense witness, but Morse did not testify at trial. The prosecution cannot be held accountable for the defense's decision not to call Morse to testify; therefore, Defendant invited any error. With respect to the third comment, evidence was admitted to support the prosecutor's comment. Defendant concedes Jesse West testified about the comment attributed to Cochran, but claims it was inadmissible. However, Defendant failed to object to Jesse's statement, waiving any claim of error. *Cf. Roose v. State* (1983), Ind., 449 N.E.2d 594.

## VII.

▮ Jesse West testified that while incarcerated in the Scott county jail, Defendant told him that Cochran wanted to kill her husband. Defendant also told West that she and Cochran discussed cutting the brake lines of the victim's vehicle. Defendant timely objected and alleged that the testimony was improper because the existence of a conspiracy had not been established. Defendant argues the trial court erred in overruling her objection.

▮ An admission is an out-of-court statement or act of a party offered in court by an opposing party. *Jethroe v. State* (1975), 262 Ind. 505, 319 N.E.2d 133, 138. To introduce a defendant's confession or out-of-court statement at trial, the State must produce corroborating evidence of the corpus delicti. To prove corpus delicti, the prosecution must show that the injury or harm constituting the crime occurred, and

this injury or harm was caused by someone's criminal activity. *Groves v. State* (1985), Ind.App., 479 N.E.2d 626, 628. The corpus delicti does not have to be established prior to the admission of a confession, provided the totality of independent evidence presented at the trial establishes it. *Douglas v. State* (1985), Ind., 481 N.E.2d 107. Circumstantial evidence may establish the corpus delicti, and it need not be proven beyond reasonable doubt. *Moore v. State* (1986), Ind., 498 N.E.2d 1, 4.

The independent evidence clearly establishes the corpus delicti of conspiracy. There was no error.

### VIII.

■ Defendant claims the evidence was insufficient to sustain her conviction for conspiracy. Defendant's claims concerning the sufficiency of the evidence are predicated on her previous assertions of error. As we have concluded Defendant's other contentions are without merit, her claim of insufficient evidence also fails.

To sustain a conspiracy conviction, the State must prove that the Defendant intended to commit a felony, agreed with another to commit the felony, and committed an overt act in furtherance of that agreement. IC 35–41–5–2, *Whittle, supra; Snow v. State* (1990), Ind.App., 560 N.E.2d 69.

The evidence overwhelmingly supports Defendant's conviction. The record demonstrates that Defendant and Cochran were involved in an extramarital relationship and that they planned to kill the victim. Defendant admitted to another inmate that she had shot the victim. This was sufficient. *See Whittle, supra.*

### IX.

■ Defendant claims the trial court erred when it excused farmers and self-employed persons from the jury venire. The excusal of a juror is within the discretion of the trial court, and will only be reviewed for an abuse of that discretion. *Jones v. State* (1989), Ind., 540 N.E.2d 1228; *Lytle v. State* (1987), Ind., 503 N.E.2d 1222.

The record demonstrates the trial court excused farmers and self-employed persons from the venire because of the expected lengthy nature of the trial and the hardship a long trial would work upon self-employed persons. We cannot conclude this was an abuse of discretion. *See Jones, supra; Lytle, supra.* Further, Defendant has established no prejudice arising from the excusal.

### X.

■ Defendant argues the trial court erred when it instructed the jury that an acquittal of the guilty arouses a contempt of the law among the criminal classes. Our Supreme Court has previously upheld the instruction given. *Corbin v. State* (1990), Ind., 563 N.E.2d 86; *Murray v. State* (1982), Ind., 442 N.E.2d 1012; *Holliday v. State* (1970), 254 Ind. 85, 257 N.E.2d 679. We decline Defendant's invitation to overrule controlling Supreme Court precedent.

### XI.

■ Defendant contends the trial court erred when it gave final instructions 5, 9 and 11. Defendant claims those instructions, which explained certain elements of other instructions, overemphasized those elements. However, a defendant's substantive rights are not violated by instructions which are to some extent repetitive. *Gebhart v. State* (1988), Ind., 525 N.E.2d 603. Instructions are improper only if they focus undue emphasis on a particular point. *Id.* Defendant has failed to show how the instructions given here prejudiced her. The instructions merely clarified the law for the jurors in areas where confusion was possible. Defendant has not demonstrated the instructions were unduly repetitive.

### XII.

■ The trial court did not err when it gave final instruction 25, which informed the jury it could consider the fact a witness was given favorable treatment by the State when it weighed the evidence. Defendant claims the instruction should have included

an additional paragraph. Defendant's additional paragraph provided:

This testimony should be considered with more caution than the testimony of other witnesses. There may be reason to make up stories or exaggerate what others did because one desires to strike a good bargain with the State about their own case.

The trial court properly refused Defendant's tendered instruction. The content of the instruction was sufficiently covered by final instruction 25 as given, and the tendered instruction improperly emphasizes the weight to be given to a particular group's testimony. *See Patrick v. State* (1987), Ind., 516 N.E.2d 63; *Phillips v. State* (1986), Ind., 496 N.E.2d 87. Defendant has demonstrated no error.

## XIII.

■ Defendant has preserved no error for our consideration concerning the giving of final instruction 27, regarding expert witnesses. Defendant failed to object to the instruction at trial and has therefore waived any claim of error. *Phillips, supra.* The Defendant has also failed to establish that the giving of final instruction 27 was fundamental error.

■ Defendant complains final instruction 27 allows the jury to convict her if the evidence establishes her guilt only by a fair preponderance of the evidence, not by evidence beyond a reasonable doubt. Final instruction 27 provided:

The Court instructs you that opinions of expert witnesses are admissible [sic] into evidence but are to be given only such weight and value as you the Jury may think right and proper under the circumstances. The value of the opinion of an expert witness depends not just upon his qualifications and experience but upon the facts which he takes into consideration and upon which he bases his opinion. *If the facts assumed and which are made the basis of an opinion of an expert witness are not established by a fair preponderance of the evidence,* then such an opinion would be of no value and you need not accept facts as-

sumed by such expert witness to be true simply because they are so assumed, but you should look to the evidence to determine whether such facts so assumed have been proven or not.

(Emphasis supplied).

The instruction does not allow the jury to convict the Defendant on evidence which merely establishes her guilt by a fair preponderance of the evidence as Defendant contends. The instruction clearly delineates that the "fair preponderance" test applies only to the evidence considered by the *expert* upon which the expert is basing his opinion. Final instruction 16 unequivocally establishes that the jury could not convict Defendant unless it found the evidence of her guilt proven beyond a reasonable doubt. The instructions, when read as a whole, do not demonstrate Defendant was prejudiced by final instruction 27.

## XIV.

■ Defendant argues the trial court erred when it failed to appoint a special prosecutor. A defendant is only entitled to a special prosecutor if the trial court finds, by clear and convincing evidence, that a special prosecutor is necessary to to avoid a conflict of interest or that the prosecutor has committed a crime. IC 33–14–1–6. *See also, Kindred v. State* (1988), Ind., 521 N.E.2d 320.

The Defendant's only claim of a conflict of interest is her unsupported assertion that the prosecutor was seeking publicity when he chose to prosecute her. As the trial court was not bound to accept Defendant's self-serving contention, a review of the record does not indicate the trial court abused its discretion by failing to find a conflict of interest.

## XV.

■ Defendant filed a motion to take the depositions of William Ball and Dr. Robert Greenberg. Thereafter, counsel for Dr. Greenberg filed a motion for protective order to prevent him from testifying at a deposition. Greenberg's motion alleged that Cochran did not consent to a release of

the confidential medical information given to Greenberg during Cochran's examination. The trial court denied Defendant's motion, and she argues it erred because Cochran may have made incriminating statements to Ball and Greenberg.

■ Trial court discretion controls discovery in criminal matters. *Hicks v. State* (1989), Ind., 544 N.E.2d 500. Two factors govern the scope of discovery: (1) there must be a sufficient designation of the items sought to be discovered; and (2) the items sought must be material to the defense. If (1) and (2) are met, the trial court must grant Defendant's request unless the State makes a showing of paramount interest in non-disclosure. *Kindred v. State* (1989), Ind., 540 N.E.2d 1161, 1174.

Here, Defendant's motion satisfied the first factor; however, she failed to satisfy the second requirement. Instead, she merely makes unsubstantiated claims that Cochran "may have" made incriminating statements to Ball and Greenberg. Moreover, she failed to show that Cochran waived the physician/patient privilege with respect to Greenberg. Without more than mere claims, we cannot conclude the trial court abused its discretion.

### XVI.

■ Defendant desired to offer into evidence two statements written by Gary Cochran in which he confessed to killing the victim. Defendant filed a motion to excise certain portions of the statements that would " 'not waive' or 'open the door' to any evidence previously suppressed or to be suppressed." Specifically, Defendant desired to excise those portions pertaining to a gun. The trial court denied Defendant's motion.

Evidence of a gun found in a box inside the closet of the bedroom where the victim was shot was suppressed. *See State v. Jorgensen* (1988), Ind.App., 526 N.E.2d 1004. Defendant argues that because Cochran's statements disclose that he placed a gun in a bedroom closet after allegedly shooting the victim, the portions pertaining to a gun should have been excised. Because the trial court denied De-

fendant's motion, Defendant argues she was improperly precluded from offering Cochran's statements into evidence.

It was within the trial court's discretion to refuse to allow Defendant to admit the redacted confessions. The trial court could have concluded that the absence of those portions of the confessions which Defendant sought to excise would have misled the jury as to the content of the confessions. Because it is within the trial court's discretion to weigh the probative value of evidence against its prejudicial impact, *Martinez v. State* (1990), Ind., 549 N.E.2d 1026, we cannot conclude the trial court's decision not to allow Defendant to excise those portions of the confessions was an abuse of discretion.

The trial court properly denied Defendant's motion.

### XVII.

■ Defendant contends the trial court erred by allowing Gary Cochran to testify because his testimony was unreliable and therefore not credible.

In *Simpson v. State* (1975), 165 Ind.App. 619, 333 N.E.2d 303, 304, this court stated:

... [C]redibility, when in issue, must always be ascertained from circumstantial evidence, including the demeanor of the witness, the plausibility of the testimony, and the relative strengths of the evidence supporting and opposing testimony. From consideration of this evidence, the trier of fact can form an opinion of the 'probability' that a particular witness is relating an accurate account of the incident.

333 N.E.2d at 304. *See also, Schalkle v. State* (1979), 272 Ind. 134, 396 N.E.2d 384. The record reveals that outside the presence of the jury, the trial judge commented as follows:

... obviously you have to testify to the best of your recollection as you recall it. You just give the answer. You—you—you know, if you remember just answer the question. If you don't remember or you don't know, just say that.

.    .    .    .    .

We can't deal in probabilities or possibilities or—it's just a matter of what you know and what you remember, what you don't know, or what you don't remember. And if you'll be honest ...

.　　.　　.　　.　　.

Nobody is up here trying to force you to remember something you don't, that didn't happen, or trying to put words in your mouth. Oh, we just want to get your testimony as to what occurred, to the best of your recollection.

Although the trial judge noted that Cochran's testimony was often vague, he commented that vagueness alone was not a sufficient basis to exclude Cochran's testimony. Any uncertainty in Cochran's testimony affected its weight or credibility and not its admissibility. The trial court did not err.

Affirmed.

RATLIFF, C.J., and CONOVER, J., concur.