## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 07 2020, 6:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dwight Neal,<br>*Appellant/Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee/Plaintiff.* | May 7, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2296<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Hon. John M. Marnocha,<br>Judge<br><br>The Hon. Julie Verheye,<br>Magistrate<br><br>Trial Court Cause Nos.<br>71D02-1812-F3-87<br>71D02-1107-FB-101 |

**Bradford, Chief Judge.**

# Case Summary

In December of 2018, Dwight Neal and Shawn Fox discussed robbing a bank, which they subsequently did. The State charged Neal with two counts of robbery, and Fox testified at Neal's jury trial that he had robbed the bank with Neal as his accomplice. Fox admitted that, by testifying against Neal, he was hoping to benefit in a federal case in which he was accused of committing other bank robberies. The trial court prevented Neal from questioning Fox regarding the details of the other alleged bank robberies. The trial court, however, did allow Neal to elicit testimony from Fox that he was generally aware of others testifying in exchange for benefits and that Fox himself had received such benefits in the past in exchange for cooperation with authorities.

The jury found Neal guilty of Level 5 felony robbery, and the trial court sentenced Neal to six years of incarceration for robbery, found that Neal had violated the terms of his probation in another case, imposed the twelve-year balance of Neal's suspended sentence in the other case, and ordered the sentences to be served consecutively. Neal argues that the trial court denied him his constitutional rights to present a defense and confront the witnesses against him. Because we disagree, we affirm.

# Facts and Procedural History

Sometime prior to December 18, 2018, Fox and Neal discussed robbing the Flagstar Bank in South Bend. On December 18, 2018, Neal and Fox went to the bank, and Neal waited in the vehicle while Fox entered the bank,

approached a teller, displayed a gun, and demanded money. The teller gave Fox approximately $1300 from her drawer.

[4] On December 26, 2018, the State charged Neal with Level 5 felony robbery and Level 3 felony armed robbery in cause number 71D02-1812-F3-87 ("Cause No. 87"). On January 9, 2019, the State alleged that Neal had violated the terms of the probation imposed in cause number 71D03-1107-FB-101 ("Cause No. 101") by, *inter alia*, committing the crimes charged in Cause No. 87.

[5] Neal's jury trial in Cause No. 87 was held on June 26 and 27, 2019. During direct examination by the State, Fox testified as to Neal's participation in the robbery of the Flagstar Bank and acknowledged that he was hoping to receive a benefit in a pending federal case in exchange for his testimony. On cross-examination, Neal's trial counsel asked Fox about the federal case, in which he was facing charges related to multiple other bank robberies. Neal attempted to question Fox about an interview Fox had had with a detective: "During the course of that interview he confronted you with information about a robbery that you committed at First Source Bank; is that correct?" Tr. Vol. IV p. 14 The State objected on relevance grounds, and the trial court sustained the objection, disallowing further questioning about Fox's participation in other bank robberies then being investigated. Neal made no offer of proof regarding the details of the alleged robbery of First Source Bank or any other alleged robbery. Neal did, however, establish that Fox hoped to get "a better plea [relating to] the periods of time [he was] facing" in that case by testifying against Neal. Tr. Vol. IV p. 17.

[6] Later, Neal's trial counsel asked the trial court for permission to ask Fox if this was the first time Fox had testified against other persons. The State objected again on relevance grounds, which objection the trial court initially sustained. Neal's trial counsel asked Fox if he was aware of other prisoners who had cooperated in trials against fellow prisoners in exchange for some kind of benefit and if this was the type of consideration he was hoping to achieve here, and Fox replied in affirmative. Neal's trial counsel then asked Fox, "Is that based on any direct experience on your part?" Tr. Vol. IV p. 22. The State objected again, on the same relevance grounds, but this time, the trial court overruled the objection. Neal's trial counsel proceeded to ask Fox if he had ever personally received benefits in the past in exchange for his testimony, and Fox acknowledged that he had received, in exchange for past cooperation, a reduction in the class of felony for which he was being charged in one case and a reduced sentence in more than one case. The jury found Neal guilty of Level 5 felony robbery, and, on August 14, 2019, the trial court sentenced Neal to six years of incarceration for robbery in Cause No. 87, found that Neal had violated the terms of his probation in Cause No. 101 by committing robbery in Cause No. 87, imposed the twelve-year balance of Neal's suspended sentence in Cause No. 101, and ordered the sentences to be served consecutively.

## Discussion and Decision

[7] Neal contends that the trial abused its discretion in disallowing cross-examination of Fox regarding the details of the robberies he was charged with committing in his federal case and his history of testifying in other criminal

trials in exchange for benefits. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Kubsch v. State*, 784 N.E.2d 905, 924 (Ind. 2003) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citation omitted)).

[8] A defendant's right to present a defense, while of the utmost importance, is not absolute. *Marley v. State*, 747 N.E.2d 1123, 1132 (Ind. 2001). "[T]he accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Miss.*, 410 U.S. 284, 302 (1973). Moreover, "the trial court has wide discretion to determine the scope of cross-examination, and only an abuse of discretion warrants reversal." *Seketa v. State*, 817 N.E.2d 690, 693 (Ind. Ct. App. 2004). An abuse of discretion occurs only where the trial court's discretion is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Wells v. State*, 904 N.E.2d 265, 269 (Ind. Ct. App. 2009), *trans. denied*. We view the circumstances in their totality and, without reweighing evidence and considering conflicting evidence most favorable to the trial court's ruling, determine if there was substantial evidence of probative value to support the trial court's ruling. *Griffith v. State*, 788 N.E.2d 835, 839 (Ind. 2003).

[9] It is well-settled that "[t]here is always a question of the credibility of a witness when the testimony of that witness is relevant to the question of guilt." *Simpson*

*v. State*, 169 Ind. App. 619, 622, 333 N.E.2d 303, 304 (1975). Neal argues that the trial court abused its discretion in preventing him from exploring more fully the details of the charges in Fox's federal case and his history of testifying in exchange for benefits. The State argues that the trial court's rulings did not prevent Neal from adequately impeaching Fox. We agree with the State.

[10] We conclude that Neal was able to adequately present the defense that Fox should not be believed because he hoped to benefit from his testimony against Neal and had received similar benefits in the past. During direct examination, the State established that Fox hoped to receive a benefit in his federal case by testifying against Neal. On cross-examination, Neal confirmed this, asking Fox if he was testifying in expectation of a benefit, to which Fox replied, "Yes." Tr. Vol. IV 22. Neal was also able to introduce evidence regarding Fox's experience that prisoners often testify against other prisoners in exchange for some kind of benefit. Finally, when Neal sought to introduce evidence related to Fox's personal history as a witness in other cases—and the benefits he had received in exchange—the trial court also allowed this line of questioning after an initial denial. The jury had more than enough information to consider the possibility that Fox was fabricating his testimony against Neal in the hopes of reaping a benefit thereby, even though it ultimately rejected that possibility.

[11] Neal unconvincingly focuses on two rulings by the trial court: the ruling that Neal could not question Fox about the specifics of other bank robberies for which he was then facing charges and the initial ruling that he could not be questioned about benefits received in exchange for prior cooperation in other

cases. Neal does not explain how the details of other bank robberies might have helped him, and, in any event, he failed to make an offer of proof regarding those details, preventing any appellate review of the claim. "It is well settled that an offer of proof is required to preserve an error in the exclusion of a witness' testimony." *Dowdell v. State*, 720 N.E.2d 1146, 1150 (Ind. 1999). "An offer of proof allows the trial and appellate courts to determine the admissibility of the testimony and the potential for prejudice if it is excluded." *See id*. Neal has waived any challenge to this first ruling for failure to make an offer of proof. *See id.* ("Dowdell's failure to make an offer of proof waives any error in the exclusion of these witnesses."). As for the second ruling that Neal could not question Fox about past cases in which he had received a benefit from cooperating with authorities, that initial ruling was reversed, and Neal was then allowed to explore the topic, which he did. Neal has failed to establish that the trial court denied him his due process rights to present a defense and/or confront the witnesses against him.

[12] We affirm the judgment of the trial court.

Baker, J., and Pyle, J., concur.