**Oliver ADKINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8707–CR–670.**

Supreme Court of Indiana.

June 27, 1988.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sixty (60) year sentence.

■ The facts are: On the evening of June 2, 1986, the victim, Brian Townsend, and his friend, Irving Covington, were walking along East Washington Street when appellant and his codefendant, Charles Sellers, were driving by in appellant's car. Appellant shouted at Covington and Townsend. Covington was unable to repeat the entire content of the remark made by appellant, but he understood appellant to use the term "nigger." At that point, either Covington or Townsend threw an object at the automobile whereupon appellant stopped the car, left it in the middle of the street with the lights on, the engine running and the doors open, and ran with Sellers toward Covington and Townsend. A fight ensued which resulted in Covington escaping into a friend's car and Townsend being pursued by appellant and Sellers into

a used car lot where he was stabbed to death. According to the testimony of his codefendant Sellers, it was appellant who stabbed the victim.

Appellant claims the evidence is insufficient to sustain his conviction in view of his asserted defense of self-defense. Although in his brief appellant draws numerous conclusions attempting to rationalize that he was attacked by the victim and only defended himself, when this record is examined there is not a scintilla of evidence to support such a claim. The evidence in this case is unequivocal that from the moment appellant stopped his automobile in the middle of the street and began the pursuit of the victim he was the aggressor and remained so until he pursued the victim into the used car lot and stabbed him.

There is ample evidence in this record to sustain appellant's conviction.

 Appellant claims the trial court erred in refusing to grant a mistrial when during final argument by appellant's counsel the victim's mother, who was among the spectators in the courtroom, shouted, "Why don't you tell the truth and stop lying?" The judge immediately stopped the proceedings, excused the jury, had the victim's mother removed from the courtroom and required her to remain outside the courtroom for the balance of the trial. The judge then ascertained that the identity of the victim's mother was unknown to the jury. When the jury returned to the courtroom, they were admonished by the judge that they were to disregard any remark they may have heard from one of the spectators and were to decide the case entirely upon the evidence presented.

Given the circumstances of this incident, we see no likelihood that appellant was placed in a position of grave peril which would have required the granting of a motion for mistrial. *Pillow v. State* (1985), Ind., 479 N.E.2d 1301. Here the admonition of the trial judge to disregard the outburst of the spectator was a reasonably curative measure; thus his refusal to grant

a mistrial was not reversible error. *Shackelford v. State* (1986), Ind., 498 N.E.2d 382.

Appellant also claims the trial court erred in overruling his motion for judgment on the evidence at the close of the State's case-in-chief. This motion was premised upon the insufficiency of the evidence which has been covered in the beginning of this opinion. There is ample evidence in this record to support the trial judge's denial of appellant's motion for judgment on the evidence. It was not error for the trial judge to submit this cause to the jury for its determination.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.