**Vonda JORGENSEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 73S04–9107–CR–538.**

Supreme Court of Indiana.

July 11, 1991.

Roger D. Davis, Corydon, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Vonda Jorgensen was convicted by jury of consipiracy to commit murder and of murder. She raises a number of issues in her petition to transfer, but we find it necessary to address only one: whether the trial court erred in denying her the opportunity to depose two people. Because we conclude that she should have had the opportunity to conduct such discovery, we grant transfer, and conditionally affirm the convictions pursuant to Ind.App.Rule 15(N)(6). Concerning the other issues raised in her petition, we adopt the decision of the Court of Appeals, *Jorgensen v. State* (1991), Ind.App., 567 N.E.2d 113.

We repeat only the facts necessary for our discussion of the discovery issue. Jorgensen, while married to the victim, was involved in a relationship with Gary Cochran. There was testimony at trial that Cochran told a friend that he wanted to kill the victim. Cochran had also supplied written confessions admitting to having committed the murder. According to Jorgensen, Cochran was counseled by William Ball, a social worker, and Dr. Robert Greenburg, a psychologist. Claiming these

two people had information which might tend to show that Cochran, rather than Jorgensen, who committed the murder, Jorgensen requested their depositions. Her request was denied by the trial court. Jorgensen claims the trial court erred in denying her the opportunity to take the depositions. We agree that she should have been permitted to conduct discovery to determine whether these individuals had nonprivileged information relevant to her defense.

Jorgensen moved to take depositions of Ball and Dr. Greenburg on the grounds that Cochran may have made self-incriminating statements to them. Counsel for Dr. Greenburg moved for a protective order to prevent him from testifying because Cochran had not consented to a release of the confidential medical information given to Dr. Greenburg during his examination of Cochran. Ball made no such motion. The trial court denied Jorgensen's request, apparently on the grounds that either the information possessed by Ball and Dr. Greenburg was privileged or that Jorgensen had not shown the information requested was material to her defense. The Court of Appeals affirmed the trial court's ruling on the latter ground, viz., that Jorgensen had not shown that the information sought was material to her defense.

■ The privilege referred to by Dr. Greenburg, found at IND.CODE § 25–33–1–17, creates a privilege, held by a patient, prohibiting a psychologist from disclosing "any information acquired from persons with whom the psychologist has dealt in a professional capacity, except under the following circumstances: (1) trials for homicide when the disclosure relates directly to the fact or immediate circumstances of said homicide." Apparent from a reading of the statute is that if the information sought by Jorgensen relates to the homicide at issue here, the information Dr. Greenburg has about the homicide would not be privileged. Therefore, to the extent Jorgensen seeks information relating to the facts or immediate circumstances of the homicide, the statutory psychologist-patient privilege may not exist in this' case. It is unclear which, if any, statutory privilege might apply to Ball; none has been cited for us and we find none directly applicable. Thus, having determined that the information sought was not privileged, we must decide whether Jorgensen was otherwise entitled to the information.

■ With respect to nonprivileged information, there are two principal questions which a trial court must consider in ruling on questions relating to discovery in a criminal trial: (1) is there a sufficient designation of the items sought to be discovered; and (2) are the items sought material to the defense? If the answers to both questions are affirmative, the trial court must grant the discovery motion unless the State makes a showing of paramount interest in nondislosure. *Kindred v. State* (1989), Ind., 540 N.E.2d 1161, 1174. Jorgensen has sufficiently designated the items of discovery she seeks by specifying the identity of those persons she wished to depose. Thus, the answer to question number one is affirmative. However, we cannot determine whether the information sought is material to her defense because we do not know what information Ball or Dr. Greenburg have relative to the homicide. The "catch–22" is that there is no method of determining what information they may hold unless some discovery is conducted. We note the State has not asserted any paramount interest in nondisclosure.

Although the trial court has wide discretion in discovery matters, we conclude that the court should have allowed some discovery in order to make possible the determination of whether Ball and Dr. Greenburg possessed information which would have been material to Jorgensen's defense. It was error for the trial court to have concluded that whatever information they possessed was privileged without a factual basis for arriving at such a conclusion. Similarly, it was error to have denied discovery because of no showing of materiality where the only method for Jorgensen to have met the materiality requirement was to have the information made available to her.

**918**

Therefore, we remand this matter to the trial court for the purpose of determining whether the information sought from Dr. Greenburg, information which might ordinarily be privileged, was made discoverable by IND.CODE § 25–33–1–17(1). Similarly, the trial court should determine whether information possessed by Ball was privileged. The trial court must then determine whether nonprivileged information possessed by Ball and Dr. Greenburg is material to Jorgensen's defense. If the trial court determines that neither Ball nor Dr. Greenburg have material information, then the convictions shall stand. If their testimony reveals that they do have non-privileged information which would have been material to Jorgensen's defense, then the trial court must determine whether to grant a new trial by viewing such information as newly-discovered evidence and applying the law as it relates to newly discovered evidence.

## CONCLUSION

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals as it relates to the issue of obtaining discovery from Ball and Greenburg, and adopt the opinion of the Court of Appeals in all other issues, reverse the decision of the trial court on the issue of obtaining discovery from Ball and Greenburg, and remand this matter to the trial court for further proceedings.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.