Jeffrey L. HAZZARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 18S00–9403–CR–297.

Supreme Court of Indiana.

Nov. 22, 1994.

Jack Quirk, Muncie, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

ON DIRECT APPEAL

DeBRULER, Justice.

This case comes to this Court on direct appeal. Ind.Appellate Rule 4(A)(7). Appellant Jeffrey L. Hazzard was convicted of Possession with Intent to Deliver Cocaine, Ind.Code § 35–48–4–1 (Burns Supp.1992), Carrying a Handgun without a License, Ind. Code § 35–47–2–1 (Burns Supp.1992), Resisting Law Enforcement, Ind.Code § 35–44–3–3 (Burns Supp.1992), and being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp.1992). The issues presented are:

1) whether the evidence was sufficient to support conviction for Possession with Intent to Deliver Cocaine; and

2) whether the trial court erred in denying a motion for a mistrial when the jury was exposed to appellant's criminal transcript during the prosecution's case-in-chief on the Habitual Offender count.

At approximately 12:50 a.m. on October 8, 1992, the police dispatcher sent a call out that a suspect, appellant, was threatening someone with a handgun. Three Muncie police officers responded to the call. Officer Todd arrived first and saw appellant and another person. When Officer Todd left his car they began walking away. Officers Bradshaw and Williams intercepted the two men and, as Officer Bradshaw left the car, he ordered them to stop and remove their hands from their pockets. At that time appellant ran and Officer Bradshaw chased him.

While chasing appellant Officer Bradshaw observed him reach into his pocket and throw a dark colored object to the ground near a grill. Officer Bradshaw continued chasing appellant until Officer Todd tackled appellant. Officers Bradshaw and Todd handcuffed and searched appellant. In appellant's inside left coat pocket, Officer Bradshaw found six bullets and a plastic bag containing a white powder. Inside appellant's right coat pocket the officers found a plastic bag containing a substance consisting of small white rocks. There was also money in appellant's pockets totalling $5,671.47. Officer Bradshaw returned to the area where he saw appellant throw away the dark colored object. Near the grill he found a .38 caliber handgun.

Officer Todd took the bags, the handgun, and the ammunition, with appellant, to the Delaware County jail. At the jail, appellant was searched again and another bag, containing a darker powder, was discovered. The bags, the money, and the handgun were given to Officer Craig at the jail. Subsequent chemical tests confirmed that the bags contained cocaine and crack cocaine.

**I**

Appellant claims that there was insufficient evidence to support his conviction for possession with intent to deliver cocaine. The test for sufficiency is well established. It requires that we neither weigh the evidence nor resolve questions of credibility, but look only to the evidence and the reasonable inferences therefrom which support the verdict. If from that perspective there was evidence of probative value from which a reasonable trier of fact could conclude that the appellant was guilty beyond a reasonable doubt, we will affirm the conviction. *Case v. State* (1984), Ind., 458 N.E.2d 223, 225.

Appellant's position is that the State failed to establish intent to deliver because there was no indication that he possessed a quantity too large for individual consumption. Intent, being a mental state, can only be established by considering the behavior of the relevant actor, the surrounding circumstances, and the reasonable inferences to be drawn from them. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237. On appeal, "it is not necessary that every reasonable hypothesis of innocence has been overcome, but only that an inference which supports the jury verdict may be reasonably drawn. Evidence of the illegal possession of

a relatively large quantity of drugs is sufficient to sustain a conviction for possession with intent to deliver." *Beverly v. State* (1989), Ind., 543 N.E.2d 1111, 1115 (citations omitted). At trial the jury learned that appellant possessed approximately 25 grams of cocaine in various forms. In addition, the evidence also showed that he had a handgun and nearly $6,000 in cash. A reasonable trier of fact could have concluded beyond a reasonable doubt that an individual possessing a significant amount of cocaine subdivided into small bags, a substantial sum of cash, and a gun, intended to deliver the cocaine.

## II

Appellant claims that the trial court erred in not granting his motion for mistrial when, during the habitual offender phase of the trial, the jury was exposed to his Indiana Department of Corrections criminal transcripts.

During the trial on the habitual offender count the State offered and the court admitted into evidence certified copies of certain of appellant's Department of Corrections transcripts. As Officer Golden and a prosecution investigator gave supporting testimony, appellant objected. The trial court excused the jury and held a hearing on this evidence. Appellant moved for a mistrial but the court denied the motion and admonished the jury to disregard the transcripts and Officer Golden's testimony.

■ The granting of a motion for mistrial is a matter usually left to the sound discretion of the trial court. This Court accords substantial deference to the trial judge's decision as she is ordinarily in the best position to evaluate the circumstances surrounding an event and its likely impact upon the jurors. *Reno v. State* (1987), Ind., 514 N.E.2d 614, 617. Appellant must show that the exposure of his criminal transcript placed him in a position of grave peril to which he should not have been exposed. *Id.* "The gravity of the peril is determined by considering the probable persuasive effect of the misconduct on the jury's decision, not the degree of impropriety

of the conduct." *Id.* Clearly the admission of such evidence is error that *could* prejudice the jury against appellant, particularly if such error occurred during a trial on the merits of the substantive criminal charges. However, appellant has the burden of demonstrating that no action other than a grant of a motion for a mistrial could have remedied the perilous position in which he was placed. *Id.*

■ In addition to ordering the erroneously admitted evidence stricken from the record, the trial judge admonished the jury to ignore the criminal transcript and the testimony of Police Lieutenant Golden. When the trial judge admonishes the jury to disregard an event which has occurred at trial, it is usually an adequate curative measure, so that the denial of a grant of mistrial does not constitute reversible error. *Peters v. State* (1989), Ind., 542 N.E.2d 1340, 1344 (citing *Adkins v. State* (1988), Ind., 524 N.E.2d 1274, 1275). The test for overriding the trial court's determination that an admonition was sufficient to cure any prejudice is not the manner in which the evidence entered the case but its likely impact or the irregularity of the verdict. *Broadus v. State* (1986), Ind., 487 N.E.2d 1298, 1305.

■ Appellant claims that exposing this information to the jury resulted in substantial prejudice against him and placed him in great peril. While there is no doubt that admitting this evidence at all was a serious error, it is far from clear in what "peril" appellant was placed. The jury saw uncontroverted and incontrovertible evidence of appellant's prior convictions for two serious felonies. Appellant does not enlighten us as to how knowledge of additional felonies could have prejudiced the jury's determination that he had in fact committed the two prior unrelated felonies which supported the habitual offender conviction.

Appellant concedes that admonishment is usually enough, *Schlomer v. State* (1991), Ind., 580 N.E.2d 950, 957 (admonishment presumed to be sufficient to protect defen-

dant's rights and remove any prejudice), and provides no good argument for the inadequacy of the admonishment in this case. The trial court admonished the jury to disregard the erroneously admitted criminal transcript and the testimony of Lieutenant Golden. While the trial judge neglected to specifically admonish the jury to ignore the testimony of David Eiler, there is no indication of how this testimony effected the result in appellant's case. The action of the trial court is presumptively valid, and therefore on appeal the burden is upon appellant to now demonstrate the persuasive prejudice of the erroneously admitted evidence and that no remedy except the granting of a mistrial is sufficient. *Taylor v. State* (1992), Ind., 587 N.E.2d 1293, 1299; *Reno,* 514 N.E.2d at 617 (citing *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090, 1093). Neither has been done; relief is unavailable.

### Conclusion

In sentencing appellant the trial court ordered concurrent sentences on Counts I, II, and III, and a separate consecutive sentence on Count IV, the habitual offender allegation. This is an irregularity. *Armstead v. State* (1989), Ind., 538 N.E.2d 943 (habitual offender conviction allows enhancement of a sentence for a substantive offense, not a separate sentence). We affirm the convictions but remand to the trial court in order for it to modify the sentence in accordance with the statute. Ind.Code § 35–50–2–8 (Burns Supp.1992).

SHEPARD, C.J., and GIVAN, DICKSON and SULLIVAN, JJ., concur.