**Daniel R. FUQUAY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 82A01–9702–PC–67.**

Court of Appeals of Indiana.

Dec. 30, 1997.

Transfer Denied March 4, 1998.

---

Daniel R. Fuquay, Pro Se.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, for Appellee–Respondent.

## OPINION

BAKER, Judge.

Appellant-defendant Daniel R. Fuquay appeals the dismissal of his petition for post-conviction relief after he failed to submit affidavits in support of his petition. Specifically, he contends that the post-conviction court erroneously granted the State's motion to have the cause submitted by affidavit. He also contends that the court's failure to rule on his motion in opposition to the State's motion to proceed by affidavit extended the time for filing his affidavits.

### *FACTS*

On October 2, 1996, Fuquay filed a pro se petition for post-conviction relief. Because Fuquay elected to proceed pro se, the State petitioned the post-conviction court to have the cause submitted upon affidavit pursuant to Ind.Post–Conviction Rule 1, § 9(b). On October 30, 1996, the court granted the State's request and ordered Fuquay to submit affidavits, certified documents and all other matters in support of his petition within sixty days.

On December 3, 1996, Fuquay filed a motion opposing the State's motion to have the matter submitted by affidavit. Specifically, Fuquay argued that he was entitled to an evidentiary hearing in order to adequately determine the merits of his ineffective assistance of counsel claims. Fuquay also filed a request to subpoena his trial counsel and a request for funds to hire a stenographer to take depositions. R. at 87. The post-conviction court, however, took no action on Fuquay's motion or requests.

Thereafter, Fuquay failed to submit any affidavits in support of his petition. As a result, on January 2, 1997, the State moved to dismiss Fuquay's petition for post-conviction relief pursuant to Ind.Trial Rule 41(B). On January 6, 1997, the court granted the

State's motion and dismissed Fuquay's petition. Fuquay now appeals.

## DISCUSSION AND DECISION

### I. Evidentiary Hearing

Fuquay contends that the post-conviction court abused its discretion by ordering the cause to be submitted upon affidavit. Specifically, he argues that because his trial counsel would never "sign an affidavit saying he is ineffective," Appellant's Brief at IV, he was entitled to an evidentiary hearing to force his trial counsel to concede that he was ineffective.

■ When a petitioner elects to proceed pro se, the post-conviction court may exercise its discretion to order the cause submitted upon affidavit. P–C.R. 1, § 9(b). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before it. *Freeman v. State*, 541 N.E.2d 533, 538 (Ind.1989). We now turn to the facts of this case.

Initially, we note that Fuquay's contention regarding his trial counsel's willingness to concede at a hearing, is pure speculation. Further, the record reveals no attempt on Fuquay's part to obtain information in support of his claims from any other source. The record also reveals that in his request to subpoena his trial counsel, Fuquay never specifically stated what he expected his trial counsel to reveal at a hearing as required by the post-conviction rules. *See* P–C.R. 1, § 9(b) (pro se petitioner who requests issuance of a subpoena for a witness at an evidentiary hearing "shall specifically state by affidavit the reason the witness' testimony is required and *the substance of the witness' expected testimony*") (emphasis added). Because Fuquay would not have been entitled to have his trial counsel testify at the evidentiary hearing, we fail to see how a hearing would have aided him. Therefore, we cannot conclude that the trial court abused its discretion by ordering the parties to proceed by affidavit.

### II. Dismissal of Petition

Next, Fuquay contends that the trial court erroneously dismissed his petition for post-conviction relief. Although Fuquay concedes that he failed to file any affidavits within sixty days as required by the court, he argues that the trial court's failure to rule upon his motion in opposition to the State's motion to proceed by affidavit extended the sixty-day period.

■ Initially, we note that because Fuquay's motion in opposition was filed after the court had granted the State's motion to proceed by affidavit, it was a motion to reconsider. Postconviction proceedings are civil in nature and are governed by the rules and statutes applicable to civil proceedings. *State v. Drysdale*, 677 N.E.2d 593, 595 (Ind. Ct.App.1997), *trans. denied.* Pursuant to Ind.Trial Rule 53.4, if a court does not rule upon a motion to reconsider within five days, it is deemed denied. Further, a motion to reconsider does not delay any proceedings associated with the case. *Id.*

■ Here, the record reveals that Fuquay filed his motion to reconsider on December 3, 1996. Because the court did not rule on the petition, it was deemed denied on December 8, 1996, well within the sixty-day period. Furthermore, Fuquay's motion did not extend the time for filing his affidavits and nothing in the record indicates that Fuquay needed additional time to produce evidence [1] or sought a stay of the court's order. Therefore, he was required to comply with the court's order by filing his affidavits by December 30, 1996. *See Johnson v. State*, 426 N.E.2d 104, 107 (Ind.Ct.App.1981) (absent a stay, party must comply promptly with court's order), *citing Maness v. Meyers*, 419 U.S. 449, 458–60, 95 S.Ct. 584, 590–92, 42 L.Ed.2d 574 (1975). Because Fuquay failed

---

1. The record reveals that Fuquay made a request for funds to take depositions. Although the record does not indicate whether the court ruled on his request, his petition does not state and he does not assert on appeal, who he intended to depose or what specific information he sought to discover. Therefore, because Fuquay failed to specifically show how he would benefit from taking the depositions, he would not have been entitled to the funds at the public's expense. *See Williams v. State*, 619 N.E.2d 569, 572 (Ind. 1993) (defendant is not entitled to funds to aid in preparation of defense for exploratory purposes only).

to file any affidavits, the trial court had before it no evidence in support of Fuquay's petition. Therefore, it properly dismissed his petition. *See Sanders v. Carson,* 645 N.E.2d 1141, 1143 (Ind.Ct.App.1995) (court properly dismissed action pursuant to T.R. 41(B), where defendant failed to present evidence in favor of his case-in-chief).

The dismissal of petitioner's petition for post-conviction relief is affirmed.

ROBERTSON and NAJAM, JJ., concur.