**Jeffrey HAZZARD, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 18S05–9802–PC–103.

Supreme Court of Indiana.

May 6, 1998.

See also 694 N.E.2d 1129.

Susan K. Carpenter, Public Defender, Ruth Johnson, Deputy Public Defender, Indianapolis, for appellant.

Jeffrey A. Modisett, Attorney General, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for appellee.

**ON PETITION TO TRANSFER**

SULLIVAN, Justice.

In accordance with our decision today in *State v. Mohler*, 694 N.E.2d 1129 (Ind.1998), we conclude that the new rule of law announced in *Bryant v. State*, 660 N.E.2d 290 (Ind.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996), is not retroactive under *Daniels v. State*, 561 N.E.2d 487 (Ind.1990), and so does not entitle Jeffrey Hazzard to post-conviction relief.

### Background

On October 9, 1992, the State charged Jeffrey Hazzard ("Hazzard") with possession of cocaine,[1] carrying a handgun without a license,[2] resisting law enforcement,[3] and being a habitual offender.[4] On February 11, 1993, the Indiana Department of Revenue assessed Hazzard a Controlled Substance Excise Tax ("CSET").[5] The trial court entered a judgment of civil forfeiture against Hazzard for $5671.47 and his handgun on March 4, 1993. On August 3, 1993, a jury convicted Hazzard on all charges. This Court affirmed Hazzard's convictions on direct appeal. *Hazzard v. State*, 642 N.E.2d 1368 (Ind.1994). Hazzard did not petition the U.S. Supreme Court for certiorari.[6]

On July 22, 1996, Hazzard filed a petition for post-conviction relief claiming that his conviction for possession, assessment of the CSET, and civil forfeiture of his handgun violated double jeopardy protections. The post-conviction court denied Hazzard's petition. Hazzard appealed. In a memorandum decision, the Court of Appeals reversed the post-conviction court's denial of relief, holding that the post-conviction court erred in not applying retroactively the rule announced in *Bryant*, 660 N.E.2d 290 (holding that because CSET is punishment, the Double Jeopardy Clause bars criminal prosecution for the underlying drug offense after CSET has been assessed).[7] *Hazzard v. State*, 691 N.E.2d 510 (Ind.Ct.App.1997).

### Conclusion

Having granted transfer, we vacate the opinion of the Court of Appeals pursuant to Ind.Appellate Rule 11(B)(3) and affirm the post-conviction court's denial of relief for the

reasons set forth in *State v. Mohler*, 694 N.E.2d 1129 (Ind.1998), also decided today.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.

1. Ind.Code § 35–48–4–1 (1988 & Supp.1990).

2. Ind.Code § 35–47–2–1 (1988).

3. Ind.Code § 35–44–3–3 (1988).

4. Ind.Code § 35–50–2–8 (1988 & Supp.1990).

5. Ind.Code §§ 6–7–3–1 to –17 (Supp.1992).

6. Hazzard's convictions and sentence became final when he did not file a petition for certiorari within ninety days of this Court's decision in *Hazzard v. State*, 642 N.E.2d 1368 (Ind.1994). *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994).

7. The Court of Appeals did not address Hazzard's argument that the conviction and civil forfeiture together violated the Double Jeopardy Clause. *United States v. Ursery*, 516 U.S. 1070, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996), seems to make clear that they did not.