William I. THOMPSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 21A05–9710–CR–453.

Court of Appeals of Indiana.

Dec. 16, 1998.

Thomas M. Thompson, Smith & Thompson, Connersville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Following a jury trial, William I. Thompson appeals his convictions for dealing in a narcotic[1] and criminal recklessness,[2] and his habitual offender enhancement.[3] Thompson raises three issues for our review, which we restate as:

I.  Whether the trial court abused its discretion in refusing Thompson's request to depose State witnesses at public expense.

II. Whether Thompson received ineffective assistance of counsel.

III. Whether the State presented sufficient evidence of Thompson's intent to deliver narcotics.

We affirm.

Thompson was stopped by plain clothes officers in an unmarked police car after the officers witnessed his erratic driving.[4] While the officers were searching for registration papers in Thompson's car, they found a pill bottle containing packets of heroin. Thompson was arrested. Prior to trial, the judge denied Thompson's request to depose State witnesses, other than eyewitnesses, at public expense. In addition, the judge denied Thompson's motion to suppress the heroin because the motion was filed pro se even though counsel had been appointed for Thompson. Although Thompson's counsel stated that he would object to the introduction of the heroin evidence at trial, he did not do so. The evidence was admitted and the jury found Thompson guilty on all counts. This appeal ensued.[5]

## I.

### Discovery

Thompson contends that the trial court abused its discretion in refusing his request to depose witnesses for the State at public expense. Decisions regarding discovery matters are within the broad discretion of the trial court as part of its inherent power to guide and control the proceedings. *Van Cleave v. State*, 517 N.E.2d 356, 365 (Ind.1987); *Norris v. State*, 516 N.E.2d 1068, 1070 (Ind.1987). There are two principal questions that a trial court must consider in

---

1. IND.CODE § 35–48–4–1(a)(2)(C) (1993).

2. IND.CODE § 35–42–2–2(b)(1) (1993).

3. IND.CODE § 35–50–2–8 (1993).

4. One of the officers testified that immediately before they stopped Thompson, he had almost rear-ended a car that was stopped in order to allow a pedestrian to cross the street.

5. During the pendency of this appeal, Thompson filed a pro se Writ of Habeas Corpus with this court. We treat writs of habeas corpus, which attack the validity of a conviction or sentence, as petitions for post-conviction relief. Indiana Post–Conviction Rule 1(1)(c). This court does not consider PCR petitions; rather, the court where *petitioner was convicted or sentenced* does. P–C.R. 1(2). Thus, we deny Thompson's writ. Moreover, Thompson raised additional issues in the writ that he wishes this court to consider on appeal. We refuse to address those issues. Thompson sought to quash this direct appeal from his conviction, on the basis that his appellate counsel was uncooperative and had no contact with Thompson. That motion to quash was denied by this court on June 3, 1998, and we will not consider any additional issues raised by Thompson in an attempt to evade that order.

ruling on questions relating to discovery in a criminal trial: (1) is there a sufficient designation of the items sought to be discovered; and (2) are the items sought material to the defense. *Jorgensen v. State,* 574 N.E.2d 915, 917 (Ind.1991). If the answers to both questions are affirmative, the trial court must grant the discovery motion unless the State makes a showing of paramount interest in nondisclosure. *Id.*

■ On appeal, Thompson argues that he requested funds to depose two State witnesses, both of whom were police officers involved in the chain of custody of the heroin found in Thompson's car. However, there is no evidence that Thompson specifically named these two officers, prior to trial, as the persons he wished to depose. In addition, the record reveals no evidence that Thompson demonstrated, prior to trial, how the evidence he expected to get from the witnesses would be material to his defense. We find this court's decision in *Fuquay v. State,* 689 N.E.2d 484 (Ind.Ct.App.1997), *trans. denied,* instructive in this regard. In *Fuquay,* the defendant requested public funds to take depositions, but his petition did not state whom he intended to depose or the specific information he sought to discover. The court held that because Fuquay failed to specifically show how he would benefit from taking the depositions, he was not entitled to such discovery at the public's expense. *Id.* at 486 n. 1. As in *Fuquay,* Thompson failed to specify the persons he wished to depose and the information he hoped to obtain. Therefore, as in *Fuquay,* there was no abuse of discretion in the denial of Thompson's request for discovery at public expense.

## II.

### Ineffective Assistance of Counsel

■ Thompson contends that his trial counsel provided him ineffective assistance because of counsel's failure to object to the State's introduction of the heroin. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's performance prejudiced the defendant. *Smith v. State,* 689 N.E.2d 1238, 1243 (Ind.1997). In evaluating the first element, we presume

counsel is competent and the defendant must present clear and convincing evidence to rebut this presumption. *Id.* Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Bellmore v. State,* 602 N.E.2d 111, 123 (Ind. 1992), *reh. denied* (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ To establish the second element, prejudice, the defendant must show that counsel's errors so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just and reliable result. *Smith,* 689 N.E.2d at 1244. Thus, a different outcome but for counsel's errors will not constitute prejudice if the ultimate result reached was fair and reliable. *Games v. State,* 684 N.E.2d 466, 469 (Ind.1997), *modified,* 690 N.E.2d 211. There is a preference for addressing the prejudice element first since the object of an ineffectiveness claim is not to grade counsel's performance. *Id.* at 468.

■ Thompson argues that the outcome of his trial was unfair and unreliable because his counsel failed to object to the State's introduction of the heroin evidence. Specifically, Thompson argues that he was unlawfully arrested; therefore, the heroin found in his car was inadmissible at trial. Thompson relies on Ind.Code § 9–30–2–2(b)(1) (1993), which provides, in relevant part:

A law enforcement officer may not arrest ... a person for a violation of an Indiana law regulating the use and operation of a motor vehicle ... unless at the time of the arrest the officer is (1) wearing a distinctive uniform and a badge of authority; or (2) operating a motor vehicle that is clearly marked as a police vehicle[.]

The officers who stopped Thompson were neither driving a marked police car nor wearing uniforms. Therefore, Thompson argues, the officers had no authority to arrest him and the evidence seized as a result of that arrest is inadmissible. We do not agree. Thompson was arrested and charged with criminal recklessness. The criminal reck-

lessness statute is not a law regulating the use and operation of a motor vehicle. IND. CODE § 35–42–2–2(b)(1) (Supp.1996).[6] Instead, its purpose is to punish those whose personal conduct presents a substantial risk of bodily harm to others. *Id.* Thompson was charged with a class A misdemeanor, which results from committing a reckless act that includes the use of a vehicle. IC 35–42–2–2(b)(1)(1). However, the addition of this element does not cause the criminal recklessness statute to become a law regulating the use and operation of a vehicle. Instead, it merely provides for a more serious penalty when the individual commits a reckless act while using a vehicle.

The fact that the officers were neither in uniform nor driving a marked police vehicle at the time of Thompson's arrest is of no moment. Thompson was not arrested for or charged with violating a law regulating the operation and use of a motor vehicle. Because the officers stopped Thompson based on his criminally reckless actions, there was a valid arrest and the evidence found in Thompson's car as a result of that arrest is admissible. Therefore, the failure of Thompson's trial counsel to object to the evidence did not render the result of the trial unfair or unreasonable, and Thompson was not prejudiced by his trial counsel's actions. Thompson's trial counsel provided him with effective assistance.

### III.

*Sufficiency of the Evidence*

Thompson contends that the evidence presented by the State was insufficient to support the jury's finding that Thompson had the intent to deliver the heroin found in his car. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

Thompson argues that the State presented no evidence that Thompson possessed the drugs with the intent to deliver them. We do not agree. Intent, being a mental state, can only be established by considering: the behavior of the relevant actor; the surrounding circumstances; and the reasonable inferences to be drawn from them. *Hazzard v. State,* 642 N.E.2d 1368, 1369 (Ind.1994). Evidence of the illegal possession of a relatively large quantity of drugs is sufficient to sustain a conviction for possession with intent to deliver. *Id.* at 1369–70. The State presented evidence that a pill bottle containing eight foil-wrapped packets of heroin was found in Thompson's car. A narcotics officer testified that the amount of heroin found in Thompson's possession was not consistent with personal use. Too, the officer stated that foil packaging was customarily used by dealers. In addition, Thompson testified that he did not use heroin because he was in a methadone program. This is sufficient evidence from which the jury could infer that Thompson possessed the heroin with the intent to deliver it.

Affirmed.

KIRSCH and ROBB, JJ., concur.

---

**6.** IC 35–42–2–2(b)(1) provides, in relevant part: "A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness[.]"