## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2015, 8:06 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
| Michael Hunt<br>Carlisle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Jodi Kathryn Stein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Hunt,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | November 30, 2015<br><br>Court of Appeals Case No.<br>35A04-1412-PC-555<br><br>Appeal from the Huntington<br>Circuit Court<br><br>The Honorable Thomas M. Hakes,<br>Judge<br><br>Trial Court Cause No.<br>35C01-1210-PC-12 |

**Bradford, Judge.**

## Case Summary

[1] In March of 2012, Appellant-Petitioner Michael Hunt pled guilty to one count of Class B felony robbery and to being a habitual offender. The trial court accepted Hunt's guilty pleas and sentenced him to an aggregate thirty-year sentence. On October 16, 2012, Hunt filed a petition for post-conviction relief ("PCR"), in which he alleged that he suffered ineffective assistance of trial counsel. The post-conviction court subsequently denied Hunt's petition. Hunt appealed this determination.

[2] On appeal, Hunt again contends that he received ineffective assistance of trial counsel. He also contends that the post-conviction court erred in ruling on his PCR petition without first conducting an evidentiary hearing. Upon review, we conclude that Hunt has failed to establish that he received ineffective assistance of trial counsel. Also, because the record demonstrates that the post-conviction court ordered the parties to submit their evidence via affidavit pursuant to Indiana Post-Conviction Rule 1(9)(b) ("Post-Conviction Rule 1(9)(b)") and based its ruling on said evidence, we conclude that the post-conviction court did not abuse its discretion in denying Hunt's PCR petition without first conducting an evidentiary hearing. Accordingly, we affirm.

## Facts and Procedural History

[3] The factual basis supporting Hunt's guilty pleas instructs us to the underlying facts leading to this post-conviction appeal:

> On or about December 27, 2011, I drove to Pilgrims Rest Cemetery, located in Huntington County, Indiana. When I

arrived I removed my bike out of the back of the vehicle I was driving and rode to the First Farmers Bank and Trust, also located in Huntington County, Indiana. Once I arrived, I entered the bank wearing latex gloves, a ski mask, a black wig with a baseball cap, a blue jacket with the hood up and a bullet proof vest. I was also carrying a loaded Para .45 caliber semi automatic gun, a device that I made to look like a bomb and a black bag.

I walked up to the counter, placed the "bomb" and the black bag on the counter, and while pointing the gun at the tellers I instructed them to place $30,000 in $100.00 and $50.00 bills into the bag. I told the tellers that if they didn't give me the money, I would blow up the bank. The tellers emptied all the drawers into the black bag and handed it back to me and I left the bank on my bike. I rode back to the Cemetery and as I was getting into my vehicle I could see the police cars with their lights and sirens activated, but I continued getting into the vehicle anyway and attempted to get away. After driving a short distance I wrecked my vehicle and tried to flee on foot but I was apprehended by police and taken into custody.

Appellant's App. pp. 75-76.

[4]    As a result of Hunt's actions, Appellee-Respondent the State of Indiana (the "State") charged Hunt with Class B felony robbery, Class D felony unlawful use of body armor, and Class D felony resisting law enforcement. The State also alleged that Hunt was a habitual offender. Hunt subsequently pled guilty to Class B felony robbery. He also admitted that he is a habitual offender. In admitting to his status as a habitual offender, Hunt stated the following:

Prior to December 27, 2011, I had accumulated two prior unrelated felony convictions. I was convicted of Robbery, a class

B felony, in Marion County, Indiana, under cause number 81-285A, and I was convicted of Robbery, a class C felony, in Tippecanoe County, Indiana, under cause number 79D02-9602-CF-00012.

Appellant's App. p. 76. In exchange for Hunt's guilty plea, the State agreed to dismiss the remaining charges and to cap the executed portion of Hunt's sentence at thirty years. During the guilty plea hearing, Hunt affirmed that the factual bases for both the Class B felony robbery charge and the habitual offender allegation were true and correct.

[5] Prior to sentencing, Hunt moved to withdraw his guilty plea, alleging that the plea agreement failed to specify whether his sentences were to run concurrently or consecutively. The State maintained that Hunt's counsel understood and it was a "feign on misunderstanding" by Hunt for him to assert that he did not understand that the habitual offender constituted a sentence enhancement, not a separate sentence. Tr. p. 33. After taking the motion under advisement, the trial court denied Hunt's motion.

[6] At sentencing, the trial court again informed Hunt that his habitual offender enhancement did not constitute a separate sentence, but rather was an enhancement to the sentence imposed by virtue of Hunt's Class B felony robbery conviction. Finding Hunt's criminal history, which included numerous prior felony convictions, to be an aggravating factor, the trial court sentenced Hunt to a fifteen-year term of imprisonment. The trial court then enhanced this

sentence by fifteen years by virtue of Hunt's status as a habitual offender, for an aggregate thirty-year sentence.

[7] On October 16, 2012, Hunt filed a *pro-se* PCR petition. Hunt filed an amended *pro-se* PCR petition on May 22, 2014. The State subsequently filed a motion for partial summary judgment, which was granted by the post-conviction court on July 11, 2014. With respect to the remaining portions of Hunt's PCR petition, the post-conviction court ordered the parties to submit evidence by affidavit. Following the submission of evidence, the post-conviction court issued an order denying Hunt's PCR petition on October 31, 2014. This appeal follows.

# Discussion and Decision[1]

[8] Post-conviction procedures do not afford the petitioner with a super-appeal. *Williams v. State*, 706 N.E.2d 149, 153 (Ind. 1999). Instead, they create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules. *Id*. A petitioner who has been denied post-conviction relief appeals from a negative judgment and as a result, faces a rigorous standard of review on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001); *Colliar v. State*, 715 N.E.2d 940, 942 (Ind. Ct. App. 1999), *trans. denied*.

---

[1] We note that Hunt has filed a motion for oral argument and a motion to strike the State's brief. Having reviewed Hunt's motions, we deny both motions in an order issued simultaneously with this memorandum decision.

[9] Post-conviction proceedings are civil in nature. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). Therefore, in order to prevail, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Stevens*, 770 N.E.2d at 745. When appealing from the denial of a PCR petition, a petitioner must convince this court that the evidence, taken as a whole, "leads unmistakably to a conclusion opposite that reached by the post-conviction court." *Stevens*, 770 N.E.2d at 745. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). We therefore accept the post-conviction court's findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. *Id*.

[10] Hunt contends that the post-conviction court erred in denying his PCR petition, claiming that the record demonstrates that he received ineffective assistance of trial counsel. Hunt also claims that the post-conviction court erred in ruling on his PCR petition without first conducting an evidentiary hearing. We will discuss each claim in turn.

# I. Whether Hunt Suffered Ineffective Assistance of Trial Counsel

The right to effective counsel is rooted in the Sixth Amendment to the United States Constitution. *Taylor v. State*, 840 N.E.2d 324, 331 (Ind. 2006). "'The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.'" *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 685 (1984)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

A successful claim for ineffective assistance of counsel must satisfy two components. *Reed v. State*, 866 N.E.2d 767, 769 (Ind. 2007). Under the first prong, the petitioner must establish that counsel's performance was deficient by demonstrating that counsel's representation "fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id*. We recognize that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or most effective way to represent a client, and therefore, under this prong, we will assume that counsel performed adequately and defer to counsel's strategic and tactical decisions. *Smith v. State*, 765 N.E.2d 578, 585 (Ind. 2002). Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Id*.

[13] Under the second prong, the petitioner must show that the deficient performance resulted in prejudice. *Reed*, 866 N.E.2d at 769. Again, a petitioner may show prejudice by demonstrating that there is "a reasonable probability (*i.e.* a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* A petitioner's failure to satisfy either prong will cause the ineffective assistance of counsel claim to fail. *See Williams*, 706 N.E.2d at 154. Stated differently, "[a]lthough the two parts of the *Strickland* test are separate inquires, a claim may be disposed of on either prong." *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (citing *Williams*, 706 N.E.2d at 154).

[14] Hunt claims that his trial counsel provided ineffective assistance by failing to adequately investigate and challenge the charging information for the habitual offender enhancement. He also claims that his trial counsel provided ineffective assistance by failing to challenge the sentence imposed by the trial court.

### 1. Failing to Adequately Investigate and Challenge the Charging Information for the Habitual Offender Enhancement

[15] On appeal, Hunt claims that his trial counsel provided ineffective assistance by (1) failing to adequately investigate the proper sequence of the commission, conviction, and sentencing dates relating to the predicate prior convictions listed in the charging information for the habitual offender enhancement and (2) failing to file a motion to dismiss the charging information for the habitual offender enhancement.

[16] In the instant matter, Hunt does not present any evidence or testimony from trial counsel in support of his allegation that his trial counsel failed to adequately investigate the proper sequence of the commission, conviction, and sentencing dates relating to the predicate prior convictions. When counsel is not called as a witness to testify or present an affidavit in support of a petitioner's arguments, the post-conviction court may infer that counsel would not have corroborated the petitioner's allegations. *Dickson v. State*, 533 N.E.2d 586, 589 (Ind. 1989); *see also Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010) (citing *Culvahouse v. State*, 819 N.E.2d 857, 863 (Ind. Ct. App. 2004), *trans. denied*), *trans. denied*. With regard to this claim, Hunt presents only the self-serving statements contained in his affidavit. It was within the post-conviction court's discretion to reject Hunt's self-serving testimony as not credible. *See Popplewell v. State,* 428 N.E.2d 15, 17 (Ind. 1981) (providing that a court is not obligated to believe a petitioner's self-serving testimony).

[17] In addition, Hunt has failed to present any evidence or argument demonstrating that an investigation into the sequence of his prior unrelated felonies would have uncovered or yielded a factual or legal basis upon which to move to dismiss the charging information.

> Like most failures to investigate, establishing this ground for ineffective assistance would require going beyond the trial record to show what the investigation, if undertaken, would have produced. This is necessary because success on the prejudice prong of an ineffectiveness claim requires a showing of a reasonable probability of affecting the result.

*Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998) (citing *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind. 1997), *cert. denied*). Further, in order to prevail on his claim that trial counsel provided ineffective assistance by failing to file a motion to dismiss the charging information relating to the habitual offender enhancement, Hunt bore the burden of demonstrating a reasonable probability that the motion to dismiss would have been granted if made. *See Garrett v. State*, 992 N.E.2d 710, 723 (Ind. 2013) (providing that in order to prevail on a claim of ineffective assistance of trial counsel due to the failure to file a motion to dismiss, a petitioner must show a reasonable probability that the motion to dismiss would have been granted if made). Review of the record indicates that Hunt failed to carry this burden.

[18] Although Hunt alleges that the charging information relating to the habitual offender enhancement should have been dismissed because it failed to show the sequence of the commission, conviction, and sentence dates of the predicate unrelated felony convictions, Hunt has failed to prove that such information was required to be in the charging information.

[19] "A charging information must be 'sufficiently specific to apprise the defendant of the crime for which he is charged and to enable him to prepare a defense.'" *Jones v. State*, 938 N.E.2d 1248, 1252 (Ind. Ct. App. 2010) (quoting *Bonner v. State*, 789 N.E.2d 491, 493 (Ind. Ct. App. 2003)). In the instant matter, the charging information relating to the habitual offender enhancement read as follows:

> [The Prosecuting Attorney], being duly sworn upon her oath, says that she is informed and verily believes that Michael Hunt has accumulated at least two (2) prior unrelated felony convictions, namely:
>
> 1. Robbery, a Class B felony, in Marion County, Indiana under cause number 81-285A.
> 2. Robbery, a Class C felony, in Tippecanoe County, Indiana, under cause number 79D02-9602-CF-00012.

Appellant's App. p. 70. The above-quoted allegations provide no ambiguity as to which predicate unrelated prior convictions upon which the State is relying on to prove Hunt's status as a habitual offender. The charging information clearly informs Hunt that the predicate prior offenses are his 1981 Class B felony robbery conviction from Marion County under cause number 81-285A and his 1996 Class C felony robbery conviction out of Tippecanoe County under cause number 79D02-9602-CF-12.

[20] Further, even if more specificity was needed, Hunt has failed to prove that a motion to dismiss would be granted as Hunt has provided no reason why the State would not simply have been permitted to amend the charging information to include the necessary information. The Indiana Supreme Court has held that "[w]hile the habitual offender charge is not a separate offense under Indiana law, it is subject to the rules governing charging of criminal offenses, including [Indiana Code section] 35-34-1-5(c) … which provides: 'Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the

substantial rights of the accused.'" *Murphy v. State*, 499 N.E.2d 1077, 1083 (Ind. 1986).

[21] Furthermore still, in order to successfully challenge a habitual offender determination in post-conviction proceedings, the petitioner must prove that he is not a habitual offender under the laws of the State. *See Weatherford v. State*, 619 N.E.2d 915, 917-18 (Ind. 1993). Hunt's evidence, however, proves the opposite, *i.e.*, that he is a habitual offender under the laws of Indiana. Hunt submitted court documents relating to both of the predicate prior convictions to the post-conviction court. These exhibits support the post-conviction court's determination that Hunt "actually provides documentation from the predicate offenses of the habitual offender enhancement demonstrating that this was a proper enhancement." Appellant's App. p. 13. Hunt has failed to show that he suffered any prejudice as a result of trial counsel's alleged failure to file a motion to dismiss the charging information relating to the habitual offender enhancement.

[22] In light of Hunt's failure to provide any evidence other than his own self-serving testimony demonstrating that trial counsel did not adequately investigate the prior unrelated felony convictions listed in the habitual offender allegation or that a motion to dismiss the charging information relating to the habitual offender enhancement would have been successful, we conclude that the post-conviction court properly determined that Hunt did not receive ineffective assistance of trial counsel in this regard.

## 2. Failing to Challenge the Sentence Imposed by the Trial Court

[23] Hunt also claims that he received ineffective assistance of trial counsel because his trial counsel failed to challenge the fifteen-year sentence imposed by the trial court for his Class B felony robbery conviction. Specifically, Hunt argues that because the trial court found his criminal history to be an aggravating factor in sentencing Hunt to an aggravated fifteen-year sentence, said sentence, when considered together with the fifteen-year sentence enhancement that he received by virtue of his status as a habitual offender, amounts to a double sentence enhancement.

[24] Initially, we observe that Hunt did not raise this claim in his PCR petition, but rather framed the issue below as whether the trial court abused its discretion in imposing consecutive sentences. Generally, issues not raised in the petition for post-conviction relief may not be raised for the first time on an appeal from the denial of a petitioner's PCR petition. *See Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) (citing Ind. Post-Conviction Rule 1(8)). However, because Hunt's arguments on appeal are similar in nature to those raised below in his original and amended PCR petitions, we will consider Hunt's arguments.

[25] First, the record demonstrates that the trial court clearly informed Hunt that the fifteen years imposed in relation to his status as a habitual offender did not constitute a separate sentence that was to be run consecutive to the fifteen-year sentence relating to the Class B felony robbery conviction, but rather was an

enhancement of the sentence. In so informing Hunt, the trial court quoted our opinion in *Harris v. State*, 964 N.E.2d 920, 927 (Ind. Ct. App. 2012).

[26] The record also demonstrates that the instant offense, Class B felony robbery, is Hunt's fifth felony robbery conviction and his seventh overall felony conviction. In addition to his prior felony robbery convictions, Hunt's record also includes prior felony convictions for possession of cocaine and receiving stolen property. The Indiana General Assembly has explicitly provided that a defendant's history of criminal activity is a proper aggravating factor to be considered by the trial court at sentencing. *See* Ind. Code § 35-38-1-7.1(a)(2). A single aggravating factor is adequate to sustain an enhanced sentence. *See Hawkins v. State*, 748 N.E.2d 362, 363 (Ind. 2001). Thus, even if the trial court were to have refrained from considering the predicate prior convictions which the State relied upon to prove Hunt's status as a habitual offender as part of Hunt's criminal history, Hunt's criminal history is such that we are convinced that the trial court acted within its discretion in considering Hunt's criminal history to be an aggravating factor at sentencing. As such, Hunt's claim that consideration of his criminal history as an aggravating factor at sentencing amounted to a double enhancement is without merit. Hunt has failed to prove that he was prejudiced by his trial counsel's failure to challenge the fifteen-year sentence imposed by the trial court. *Reed*, 866 N.E.2d at 769.

### 3. Additional Challenges

Hunt raises two additional claims of ineffective assistance of trial counsel on appeal. These claims include that his trial counsel failed to object to an allegedly insufficient factual basis and failed to advise him that by pleading guilty, he was waiving his right to a jury trial on the habitual offender enhancement. Hunt, however did not raise either of these claims in either his original or amended PCR petitions. These claims, therefore, may not be raised on appeal. *See Allen*, 749 N.E.2d at 1171 (providing that issues not raised in the PCR petition may not be raised for the first time on post-conviction appeal).

## II. Whether the Post-Conviction Court Erred By Denying Hunt's PCR Petition Without Conducting an Evidentiary Hearing

Hunt also contends that the post-conviction court erred by denying his PCR petition without first conducting an evidentiary hearing. (Appellant's App. 48) On June 2, 2014, the post-conviction court ordered the parties to submit their evidence by affidavit pursuant to Post-Conviction Rule 1(9)(b). Post-Conviction Rule 1(9)(b) provides as follows:

> In the event petitioner elects to proceed pro se, the court *at its discretion* may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

(Emphasis added). "An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before it." *Fuquay v. State*, 689 N.E.2d 484, 486 (Ind. Ct. App. 1997) (citing *Freeman v. State*, 541 N.E.2d 533, 538 (Ind. 1989)), *trans. denied*. Further,

> [a]ffidavits are sworn testimony and constitute "competent evidence" in post-conviction proceedings. *Gould v. State*, 578 N.E.2d 382, 384 (Ind. Ct. App. 1991), *trans. denied*. Factual statements in affidavits often raise issues of fact, and to require a full evidentiary hearing any time affidavits submitted under [Post-Conviction] Rule 1(9)(b) create issues of fact would defeat the purpose of [Post-Conviction] Rule 1(9)(b), which is to allow for more flexibility in both the presentation of evidence and the review of post-conviction claims where the petitioner proceeds pro se. Accordingly, where the PCR court orders the parties to proceed by affidavit under [Post-Conviction] Rule 1(9)(b), the court may also determine that the petitioner's personal presence at an evidentiary hearing is required. But we hold that the decision whether to hold an evidentiary hearing for a "full and fair determination of [t]he issues raised," like the decision to proceed by affidavit, is best left to the PCR court's discretion.

*Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005).

[29] Hunt submitted the affidavits of himself and Yolanda Bush-Johnson in support of his amended PCR petition. The mere fact that the post-conviction court determined that these affidavits did not carry Hunt's evidentiary burden of proving that he suffered ineffective assistance of trial counsel does not automatically establish that he was entitled to an evidentiary hearing. Hunt could have obtained an affidavit from trial counsel which would support Hunt's claims, but failed to do so. Hunt has failed to demonstrate on appeal how an

evidentiary hearing would have aided him or to identify any evidence which he wished to present that could not have been presented via affidavit or in documentary form. Because Hunt has failed to demonstrate how he would have benefitted from an evidentiary hearing, we conclude that the trial court acted within its discretion in ordering the parties to proceed by affidavit. *See Fuquay*, 689 N.E.2d at 486 (providing that the post-conviction court acted within its discretion in order the parties to proceed by affidavit where petitioner failed to demonstrate how an evidentiary hearing would have aided him).

[30] Further, we note that Hunt relies on our prior decision in *Hamner v. State*, 739 N.E.2d 157 (Ind. Ct. App. 2000) in arguing that the post-conviction court erred in ruling on his PCR petition without first conducting an evidentiary hearing. The issue presented in *Hamner* was whether a trial court erred by denying the petitioner's PCR petition without first conducting a hearing pursuant to Indiana Post-Conviction Rule 1(4)(f) ("Post-Conviction Rule 1(4)(f)"), which states that the post-conviction court may deny the petitioner's petition without further proceedings if "the pleadings conclusively show that the petitioner is entitled to no relief." In *Hamner*, we concluded that

> [Post-Conviction Rule 1(4)(f)] dispenses with the necessity for an evidentiary hearing when the issues are of law only. *Armstead v. State*, 596 N.E.2d 291, 292 (Ind. Ct. App. 1992). It does not, however, dispense with the need for an evidentiary hearing when the determination hinges, in whole or in part, upon facts not resolved, even though it may appear unlikely that the petitioner will be able to produce evidence sufficient to establish his claim. *Id*. This is true even though the petitioner has only a remote

chance of establishing his claim. *Gann v. State*, 550 N.E.2d 803, 804-805 (Ind. Ct. App. 1990).

*Hamner*, 739 N.E.2d at 160.

[31] Hunt's reliance on *Hamner* is misplaced. In the instant matter, the post-conviction court did not deny Hunt's petition based on the pleadings themselves as is provided for by Post-Conviction Rule 1(4)(f), but rather after reviewing the evidence which was presented by the parties via affidavit as proscribed by Post-Conviction Rule 1(9)(b). We have previously held that:

> although the opinion falls short of holding as much, *Hamner* suggests that after a PCR court orders that the cause be submitted upon affidavit under [Post-Conviction] Rule 1(9)(b), the "issue of fact" standard applicable to determining whether summary disposition is appropriate under [Post-Conviction] Rules 1(4)(f) and (g) applies equally to [Post-Conviction] Rule 1(9)(b). We disagree with *Hamner* to the extent that it conflated summary disposition and [Post-Conviction] Rule 1(9)(b).

*Smith*, 822 N.E.2d at 200-01. We reaffirm our opinion in *Smith* regarding the applicability of the holding of *Hamner* to rulings made following a Post-Conviction Rule 1(9)(b) order to submit evidence via affidavit.

[32] Hunt has failed to establish that the post-conviction court abused its discretion in ruling on the paper record that was created after the parties submitted their evidence by affidavit pursuant to Post-Conviction Rule 1(9)(b).

# Conclusion

[33] Having concluded that Hunt failed to establish either that he received ineffective assistance from his trial counsel or that the post-conviction court abused its discretion in denying his PCR petition without conducting an evidentiary hearing, we affirm the judgment of the post-conviction court.

[34] The judgment of the post-conviction court is affirmed.

Baker, J., and Pyle, J, concur.